MILLER et al. v. ZANDER.

(Supreme Court, Special Term, Erie County.    May, 1914.)

1. SALES (§ 116*)—RESCISSION BY BUYER—GROUNDS.

To establish a right to rescind a sale, the buyer must show a breach of warranty, and not a breach of a contract to keep in repair merely.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 290; Dec. Dig. § 116.*]

2. SALES (§ 279*)—EXPRESS WARRANTY.

Where the sellers of an automobile guaranteed the car fully for one year, such guaranty was not a mere agreement to make repairs, but was also an agreement that the automobile was so well constructed that it would stand proper use for one year and that they would become answerable for any defect that might occur during that time not due to improper use.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 783–792; Dec. Dig. § 279.*]

3. SALES (§ 442*)—REMEDIES OF BUYER—DAMAGES—BREACH OF WARRANTY.

The measure of damages for the breach of a warranty of an automobile is the difference between the actual value of the car and the value which it would have had at the time of the sale if it had been as warranted.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SALES (§ 126*)—RESCISSION BY BUYER—WAIVER.

To be entitled to rescind the purchase of an automobile for the breach of a warranty, the buyer must act promptly after discovering the defect, and, if he retains the car thereafter, he thereby loses his right to rescind, although still entitled to recover damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 313–317; Dec. Dig. § 126.*]

5. SALES (§ 425*)—REMEDIES OF BUYER—BREACH OF WARRANTY—RESCISSION AND DAMAGES.

The remedies of rescission and of an action for damages by the buyer for the breach of warranty are inconsistent and cannot both be maintained in the same action, and, where the buyer refuses to elect to stand upon a counterclaim for damages and gives evidence of an attempted rescission, the trial court is justified in deciding the case on the principles of rescission and disregarding the claim for damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1207, 1208; Dec. Dig. § 425.*]

Appeal from City Court of Buffalo. .

Action by Albert P. Miller and another against Frederick Zander. Judgment in the City Court for the plaintiffs, and defendant appeals. Affirmed.

Wilcox & Van Allen, of Buffalo, for appellant.

Riordan & Batt, of Buffalo, for respondents.

POUND, J. Plaintiffs sue on two promissory notes made by defendant, one for $400 reduced to $200 by part payment thereon, and one for $500, which were given in part payment for a Midland automobile purchased from the plaintiffs by defendant on or about the 24th day of June, 1913. The purchase price of the automobile was $1,685. Defendant turned in an old car for $285, and gave his promissory notes for the balance, on which he has paid $200. Defendant pleads, as a "defense and counterclaim," breach of warranty, damages, and rescission of the sale, and demands judgment for the purchase price of the car. From judgment in favor of the plaintiffs for the full amount claimed by them, defendant appeals.

The memorandum of sale contains the words, "Car guaranteed fully for one year." Within the year, but after the car had been driven for about 3,500 miles, the frame broke, the radiator leaked, and the brakes did not work properly. Plaintiffs undertook to repair the car, but defendant became dissatisfied, offered to return the car, and refused to make further payments on the purchase price.

Plaintiffs urge that the words "guaranteed fully for one year" imply merely a contract to keep the car in repair for one year, while defendant seeks to give these words the force of an express warranty against imperfect material and workmanship or defective parts.

[1] In order to establish a right to rescind the sale, defendant must establish a breach of warranty, and not breach of a contract to keep in repair merely. Lamson Store Service Co. v. Conyngham, 11 Misc. Rep. 428, 32 N. Y. Supp. 129.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Blackstone says (3 Comm. 165):

"The warranty can only reach the things in being at the time of the warranty made, and not to the things in futuro; as that a horse is sound at the buying of him, not that he will be sound two years hence."

But it is now good law that one may bind himself by contract for the happening of any future event, and a "warranty" or "guaranty" of an automobile for a year is a contract to be answerable for any defect that may occur during that time. Williston on Sales, § 212.

A guaranty that the automobile will be free from defects for a year carries with it necessarily a contract of warranty that the automobile is at the time of the sale of sufficiently good workmanship and materials to run a year under ordinary and proper use without manifesting defects.

Plaintiffs, by their guaranty for one year, agreed, not merely to make repairs, but that the automobile was so well constructed as to be capable of standing proper use for one year, ordinary wear and tear excepted, and that they would become answerable for any defect that might occur during that time not due to improper use of the car by defendant.

[3] The measure of damages in such a case is the difference between the actual value of the car and the value which it would have had at the time of the sale if it had been as represented. Miller v. Patch Mfg. Co., 101 App. Div. 22, 91 N. Y. Supp. 870.

[4] The evidence is undisputed that the break in the frame occurred during ordinary use. Defendant did not immediately attempt to rescind the sale when he discovered the defects, but demanded that the car be made right and allowed plaintiffs to make repairs thereon. In such cases the injured party must act promptly, as soon as he discovers the supposed breach of warranty. If, knowing that the car was not what he had a right to expect, he still retained it, he is precluded from asserting a right to withdraw from the transaction altogether, although he is not deprived of his damages. Williston on Sales, § 611.

[5] Two courses were open to defendant when he discovered the defects in the car and decided to rely on an express warranty. He could return the car and plead the rescission of the contract as a defense to the action for its price and counterclaim for the amount already paid, or he could keep the car and counterclaim for damages. Sales Act, L. 1911, c. 571, § 150. But these defenses are inconsistent with each other and cannot both be sustained in the same action, and, as it appears, rescission cannot be maintained in this action because defendants did not act promptly. Norton v. Dreyfuss, 106 N. Y. 90, at page 95, 12 N. E. 428.

The defendant relies primarily on the defense of rescission, and, as he gave evidence of an attempted rescission in the court below and refused to elect to stand on his counterclaim for damages, the learned court was justified in disregarding the latter branch of the case and deciding the case on the principles applicable to rescission.

Judgment affirmed, with costs.