MOBILE AUTO CO., *et al. v.* R. W. STURGES.

[66 South. 205.]

1. SALES. *Remedies of buyer. Breach of warranty. Parties liable. Defenses.*

Where a purchaser bought an automobile from a nonresident, which was shipped consigned to the seller, and a bill of lading with draft on the purchaser for the purchase price was assigned to a bank, the purchaser was thereby compelled to pay the purchase price before getting possession of the car, and the fact that he did so, does not preclude him from thereafter bringing suit to recover for a breach of warranty.

2. SALES. *Remedies of buyer. Breach of warranty.*

Where a purchaser of a car is not required to pay the purchase price before delivery, he may in case of breach of warranty, either reject the car and enter suit for damages, for breach of contract, or pay the price, take the car and recover the difference between its value in the condition received and the value of the car required by the contract.

·3. SALES. *Warranties. Construction. Parties liable.*

Where a bank at different times took assignments of drafts with · bills of lading attached for two different automobiles, sold to the . same buyer by the same seller, the bank was a co-warrantor in both transactions and the amount received by it upon the second draft could be attached by the purchaser in an action to· recover for breach of warranty in the sale of the first car.

4. SALES. *Remedies of buyer. Breach of warranty. Defenses.*

Where the buyer of an automobile, sold it after notifying the original seller of a breach of warranty, and took in part pay-

ment another car, this did not preclude his right to recover for the breach of warranty since the value of the car taken in payment could be determined, and the amount received by the original buyer for the defective car thereby ascertained.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, Chancellor.

Suit by W. R. Sturges and Company against the Mobile Auto Company and others. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McBeath & Miller,* for appellant.

*A. S. Bozeman,* for appellee.

REED, J., delivered the opinion of the court.

On May 29, 1911, R. W. Sturges & Company purchased an automobile from the Mobile Auto Company. A sight draft was drawn for the purchase price, one thousand, two hundred and fifty-six dollars, with bill of lading attached. The car was shipped to Meridian, consigned to the Auto Company, with instructions to notify Sturges & Company. The draft and bill of lading were assigned to the Bank of Mobile. Sturges & Company paid the draft, obtained the bill of lading, and received the automobile. Immediately upon its inspection they wrote the Auto Company that they were disappointed with the car, and that it appeared to have been used a great deal. In their letter they called attention to several defects in the car, and suggested that they could not sell it as a new car, but could keep it for demonstrating purposes, and that a reduction should be made to them on the price. Several letters passed, without any definite understanding being reached. On June 30, 1911, the Mobile Auto Company sold Sturges & Company another automobile, and made draft with bill of lading attached for the purchase price. As in the other sale, the draft and bill of

lading were assigned to the Bank of Mobile. This draft was collected by the First National Bank at Meridian.

Thereupon Sturges & Company, appellees, filed their bill in chancery to attach the money then in the hands of the First National Bank as the property of the Mobile Auto Company and the Bank of Mobile, appellants, both non-resident corporations, domiciled in Mobile, Alabama; the purpose of the suit being to recover damages for breach of contract in the sale of the first automobile. Upon a final hearing the chancellor gave judgment in favor of appellees and against appellants for one hun-forty-three dollars and fifty cents, which was ascertained to be the loss sustained.

Appellants contend that the receipt and examination of the automobile by appellees constituted an acceptance by them, and that they could not thereafter rescind their contract or sue for breach of warranty. This is answered by the notice, contained in appellees' letter under date of May 31st, of the defective condition of the automobile, and their inability to use it as a new car. The receipt of the automobile, under the circumstances shown in this case, did not amount to an acceptance thereof by appellees, so that they were precluded from recovering the loss they sustained by reason of the car not being in the condition required by the contract of sale.

If the sale had not required the payment of the purchase price before delivery, appellees, as buyers, could have (1) rejected the car and entered suit for damages for breach of the contract, or (2) paid the price, taken the car, and recovered the difference between its value in the condition received and the value of the car requird by the contract. *Commission Co.* v. *Crook,* 87 Miss. 445, 40 So. 20, 1006. Appellees, of necessity, were required to pay the purchase price before they could get possession of the car. Having paid the price, and having the car in possession, they then proceeded, by this suit, to recover the difference between the value of the

car when it was received at Meridian by them, and the value of a like car new and in good order, such as was sold to them. It appears that this difference was ascertained by deducting the amount received by appellees, when they sold the car, from the original purchase price paid by them.

Appellants claim that the proceeds of the draft for the second automobile in the possession of the bank at Meridian could not be subjected to the payment of damages from the failure of warranty in the sale of the first automobile. Appellants' counsel argue that the purchase by the bank of the draft and bill of lading rendered it liable as a co-warrantor to the extent only of having the proceeds of the second draft subjected to the settlement of any claim arising out of the salf of the second automobile. The proof shows that the Bank of Mobile was the assignee and holder of the. drafts and bills of lading in both sales. The bank was a co-warrantor in both transactions. Having in each transaction purchased the draft and bill of lading, the bank was under obligations to fulfill the terms of the contract in both sales, between seller and buyer. Through assignment it was placed, in both instances, in the same situation occupied by its assignor relative to the compliance with the original contract of sale.

This is a suit to recover from the bank, as well as the Auto Company, the original seller. The proceeding by attachment was to obtain jurisdiction over the personal property of nonresident defendants, and thereby require the appearance of the bank to defend the cause in the Mississippi courts. Appellees had a cause of action against the bank. It was proper to subject the funds to the possession of the bank at Meridian for the settlement of the loss which they sustained in this case. *Miller* v. *Bank,* 76 Miss. 84, 23 So. 439; *Searles Bros.* v. *Grain Co.,* 80 Miss. 688, 32 So. 287; *Bank* v. *Searles,* 81 Miss. 172, 32 So. 314.

We see no force in the contention by appellants that appellees were not entitled to recover because they, in disposing of the automobile in question, received in part settlement another automobile. In the disposition of the case, and in order to arrive at the true amount of the loss sustained by appellees, it was only necessary for the chancellor to determine from the proof the value of the car when it was received by appellees at Meridian. There is sufficient evidence to support his finding as to this.

*Affirmed.*