REGINA CO. v. GATELY FURNITURE CO.

(Supreme Court, Special Term, Broome County.   July 7, 1915.)

**1. SALES ☞285—REMEDIES OF SELLER—DEFENSES.**

Personal Property Law (Laws 1911, c. 571) § 130, declares that, in the absence of agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability for breach of any promise; but if, after acceptance, the buyer fails to give notice of the breach within a reasonable time, the seller shall not be liable.  Section 150, subd. 1, declares that, where there is a breach of warranty, the buyer may keep the goods and set up the breach by way of recoupment, or sue for breach of warranty, or rescind the contract, while subdivision 2 provides that, where the buyer has claimed a remedy in one way, no other remedy can be granted.  The buyer accepted goods and did not within a reasonable time give the seller notice of breach of warranty.  *Held*, that the defense could not be asserted in an action for the purchase price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 806–808, 810; Dec. Dig. ☞285.]

**2. SALES ☞428—REMEDIES OF SELLER—DEFENSES.**

Where the buyer set up a breach of warranty to defeat an action for the price, it could not also make the breach of warranty the basis of a counterclaim on which it demanded a judgment over against the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1214–1223; Dec. Dig. ☞428.]

Action by the Regina Company against the Gately Furniture Company.  On demurrer to portions of the answer.  Demurrer sustained.

T. B. & L. M. Merchant, of Binghamton, for plaintiff.
Charles C. Annabel, of Waverly, for defendant.

KILEY, J.   The plaintiff above named brought this action, alleging in its complaint that during the summer of 1914, between May and September, it sold and delivered to the defendant sweepers and vacuum cleaners of different grades, upon which there was due in the month of December, 1914, $162.75.   The complaint specifically sets forth dates, orders, and deliveries, and alleges failure of defendant to make payments as in and by the contract of sale provided, and demands judgment for the foregoing amount.

[1, 2] The defendant answers, first, by admitting allegations 2 and 3 of the complaint, which refer to the incorporation of plaintiff and to the sale of three cleaners, which had been paid for, and then in the following language answers:

"4. Defendant, further answering plaintiff's amended complaint, denies each and every allegation contained therein, except as hereinafter admitted, qualified, or denied."

Immediately following is paragraph 5 of the answer, which says:

"Defendant, further answering plaintiff's amended complaint, and for a defense thereto, alleges upon information and belief as follows."

Defendant then sets up in his answer transactions had with the plaintiff as an independent transaction, and states as a conclusion:

"That goods were not delivered at the time agreed upon in accordance with the terms of said original agreement, which is referred to in plaintiff's complaint."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Defendant then proceeds to set up a counterclaim to plaintiff's complaint, using the same allegations that are used in denominating its defense, demands judgment that plaintiff's complaint be dismissed, with costs, and that defendant have judgment against the plaintiff for $50 with costs. The plaintiff has demurred to the affirmative defense and counterclaim set up in defendant's answer. Sections 130 and 150 of the Personal Property Law, being chapter 571 of the Laws of 1911, lays down the procedure and prescribes the remedies in this class of actions.

Section 130 is as follows:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor."

It does not appear from the answer, or from the papers before me, that the buyer gave the notice to the seller of the breach of any promise or warranty within a reasonable time, which, read in connection with subdivision (a) of section 150, I think is necessary to maintain a defense in the way of recoupment in diminution or extinction of purchase price. So far as it appears, except for the denial in the answer, which amounts to a general denial, the defendant has kept the goods. In so doing it places itself under the limitation of subdivision 2 of section 150, which provides:

"When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted."

In Peuser v. Marsh (Sup.) 153 N. Y. Supp. at page 381, Mr. Justice Lyon has ably considered those two and other sections of the Personal Property Law, although the last-cited case differs from the present case, in that defendant in that action, both prior and subsequent to the commencement thereof, gave notice of his election to accept and retain the chattel. It is very evident that the purpose of this statute is to prevent the very condition that seems to exist here, viz., the buyer retaining the goods and using them, failing to give any notice of any breach of the original agreement to the seller until it has been sued for the purchase price, and then setting up affirmatively a defense by which it is sought to wipe out all of the original purchase price and demand an affirmative judgment for an additional sum against the plaintiff. Defendant elected to come under subdivision "a" of section 150, and it is therefore bound by the limitations of subdivision 2, and by the provisions of section 130, which must be read in connection therewith.

The defense of the general denial is not demurred to; the defense and counterclaim and new matter is demurred to; and the demurrer is sustained, with costs, with permission to the defendant to plead over within 20 days after the service upon it of a copy of the order and payment of costs.