## W. D. SESSUM MOTOR CO. v. WHITE.
### (No. 2811.)

(Court of Civil Appeals of Texas. Texarkana. March 2, 1924. Rehearing Denied April 10, 1924.)

1. Sales ☞441(4)—Finding of difference between value of automobile as represented and as it was not supported by evidence.

In action for breach of warranty of an automobile, finding that difference between value as represented and actual value was the full amount paid *held* unsupported; plaintiff's conclusion that it was worthless being insufficient to base assumption that it was entirely without value.

2. Sales ☞442(2)—Measure 'of damages for breach of warranty stated.

Measure of damages for breach of warranty of automobile is difference between its value as it was at time of warranty and as it was represented to be.

3. Sales ☞442(2)—Buyer of automobile, suing on warranty, held to have no claim for accessories supplied by himself.

In action for breach of warranty of an automobile, if buyer recovers difference between value of automobile as represented and its actual value, he gets damages he is entitled to, and has no claim for value of accessories he supplied.

4. Sales ☞442(5)—Buyer of automobile not entitled to compensation for loss of time from work.

In action for breach of warranty of automobile, buyer *held* not entitled to compensation for loss of time from work, such damages being too remote.

5. Sales ☞430—Seller not entitled to prove value of use of automobile.

In action for breach of warranty of automobile, seller could not prove value of buyer's use of it.

6. Principal and agent ☞124(3)—Authority of agent to make special warranty question for jury.

In action for breach of warranty of an automobile, authority of seller's agent to make a special warranty should have been submitted to jury on seller's request.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Jo. J. White against the W. D. Sessum Motor Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 239 S. W. 329.

Young & Stinchcomb, of Longview, and Riley Strickland, of Austin, for appellant.

Simpson, Lasseter & Simpson, of Tyler, for appellee.

HODGES, J. In an amended original petition filed in April, 1922, the appellee sued the appellant for damages resulting from an alleged breach of warranty of the quality and workmanship of an automobile. He alleged that in March, 1920, he purchased the car from the appellant in consideration of $1,065, a part of which was paid in cash, and the remainder was evidenced by a promissory note due within a short time thereafter. He averred that the car was specially warranted to him as being made of first-class material and put together in the best workmanlike manner, and that he relied upon those representations in making the purchase. He claims that after a trial he found that the representations were untrue; the car was not made of good material, and was not put together in good workmanlike manner. On the contrary, he says, the car was defective in many respects pointed out, and was worthless. He asks judgment for the cash payment made and the cancellation of the note which he had executed. He further alleged that he had expended the sum of $39 in the

purchase of accessories, for which he sought reimbursement. In addition to that he alleged that he was an engineer engaged in superintending road construction, and by reason of the loss of time resulting from the inefficiency of the car he had been damages in the sum of $500.

The case was submitted to the jury on special issues, and the following is the substance of the answers made: (1) The agent of the appellant represented to the plaintiff that the car was a first-class automobile in every respect; that it was a high grade car, and all parts were of first-class material, well made and put together in the best workmanlike manner. (2) In the purchase of the automobile the plaintiff relied upon those representations, and they were untrue. (3) The difference between the value of the car as it was and as it was represented to be was $1,065. (4) The value of the accessories purchased by the plaintiff was $39.

This is the second appeal in this case. A report of the former appeal will be found in 239 S. W. 329.

It is insisted that the averments contained in the amended original petition were not sufficient to state a cause of action for breach of warranty. The averments are rather vague and indefinite, and upon another trial they should be made more specific.

[1] It is contended also, that the finding of the jury that the difference between the value of the car as represented and as it was is unsupported by the evidence. That assignment we think should be sustained. The plaintiff testified at considerable length concerning the trouble he had in operating the car. He claimed that it would heat when making hard pulls; that one or two of the wheels did not fit on the axle; that the piston rings were too small; that the material of which the cylinders were made was not first class; that the body in places had given way. His conclusion, summarily stated, was that the car was worthless. The evidence showed that he had driven it approximately 1,000 miles before he made any complaint to the appellant, that thereafter frequent complaints were made, and that in every instance the appellant undertook to make the necessary repairs, without charge for the work done or the material furnished. It is apparent that the estimate made by the jury is based upon the assumption that the car was entirely without any value. The appellee undertakes to justify that finding by his own testimony that the car was worthless. There was no other evidence as to the value of the car at the time it was delivered to the appellee. It was then new, and presumably must have had some value. It may not have been made of the best material, and may not have been put together in a good workmanlike manner, it may have had many serious defects, but it evidently did have some value. The appellee admitted that for some time after he got it, and while driving around town on good roads, it did good service. It was not until he put it out on rough roads that he experienced the annoyances of which he complained.

[2-4] The measure of damages in suits of this character is the difference between the value of the article as it is at the time the warranty is given and as it is represented to be. The evidence further conclusively shows that the appellant did all that it contracted to do beyond complying with the special warranty claimed. It made all the repairs demanded of it, and furnished all the parts required. Presumably the appellee now has the car in his possession, since he is not seeking a rescission of his contract and does not allege that he had parted with the possession. If he recovers the difference between the value of a car represented to him as good, and one which is defective, he gets all the damages he is entitled to upon the contract of warranty. He therefore has no legal claim for the value of the accessories supplied by himself. He might, however, have judgment for $40 as the expense incurred by him in carrying the car to Dallas for repairs, upon proof that such reimbursement was agreed upon by him and appellant's agent. But he was not entitled to compensation for loss of time from his work. That item was too remote to be considered a proper element of damages in a suit of this kind.

[5, 6] The appellant was not entitled to prove the value of the use of the car in a suit of this character. But the authority of the agent to make a special warranty should have been submitted to the jury when properly requested by the appellant.

The judgment is reversed, and the cause remanded.