RUDOLPH WURLITZER COMPANY, Appellant, *v.* CHRIST F. PAPPAS, Respondent.

Fourth Department, December 23, 1925.

Sales — conditional sale — action to recover purchase price of mechanical piano — contract contained warranty of fitness and agreement to keep piano in repair for one year — defendant kept piano for four months though on several occasions it had failed to work because of unclean condition — defendant did not have right then to rescind contract — defendant's remedy is to recover damages for breach of warranty.

In an action to recover the purchase price of a mechanical piano sold to the defendant under a conditional sales contract, which contained a warranty of fitness and an agreement by the plaintiff to keep the piano in repair for a year, the defendant does not have the right to recover payments made on the piano on the ground that he rescinded the contract to purchase, since it appears that he kept the piano for four months after it was delivered, although on several occasions it failed to work because of its unclean condition, which was remedied

by the plaintiff, and did not rescind or offer to rescind the contract until after the lapse of four months.

Whatever defect the piano had was apparent to the defendant within a very short time after its delivery, and its retention and use during a period of four months was such acceptance of the instrument as precludes the defendant from rescinding. The defendant's remedy is an action to recover damages, if any, for breach of warranty.

APPEAL by the plaintiff, Rudolph Wurlitzer Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cattaraugus on the 17th day of July, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying plaintiff's motion for a new trial made upon the minutes.

*Saperston, McNaughtan & Saperston* [*Alfred M. Saperston* of counsel], for the appellant.

*Henry P. Nevins*, for the respondent.

CROUCH, J. Plaintiff sold defendant, under a conditional sales contract, a mechanical piano with a nickel-in-the-slot attachment for use in defendant's candy store. There was a warranty of fitness and an agreement to keep in repair for a year. Plaintiff sues for the balance of the purchase price. Defendant alleges breach of warranty and rescission and seeks the return of the payments made by him. Judgment went for defendant.

The contract was made March 2, 1920. The price was $2,100. Defendant made a down payment of $400, consisting of $58 in cash and an allowance of $342 on an old piano. The balance was to be paid at the rate of $71 per month. Defendant met none of the monthly payments. The piano was delivered on March 16, 1920. Between that date and the middle or last of July there were seven or eight occasions when it failed to operate. On each occasion the plaintiff at the request of defendant sent a man to remedy the trouble. So far as the evidence shows there was nothing mechanically wrong with the piano. The difficulty seems to have been with a so-called tracker bar which in each instance simply needed to be cleaned. Except for those interruptions, the piano was operated and defendant had the benefit of whatever revenue was derived therefrom. Then there came an occasion when the piano again failed to work and plaintiff, because none of the monthly payments had been made, omitted to send the repair man and began to press for payment. On July seventeenth defendant wrote plaintiff that the piano was unsatisfactory and requested plaintiff to remove it. On July twenty-third there was another letter to the same effect. On July thirtieth plaintiff's

attorney notified defendant that the account was in his hands for collection. On August sixteenth defendant's attorney wrote plaintiff's attorney requesting him to "see if this matter cannot be satisfactorily adjusted." There followed during the rest of the year a correspondence in which defendant asked that the piano be replaced by a new one and in which plaintiff apparently expressed a willingness to do so, if the back installments were paid.

Even if the letters of July seventeenth and July twenty-third be taken as an act and notice of rescission, not waived by subsequent negotiations, we think they came too late. Whatever defect there was in the piano was apparent within two days of its delivery. Its retention and use during a period of four months was such acceptance as precludes the right to rescind. Defendant's remedy is by way of damages, if any, for breach of warranty. (*Miller* v. *Zander, Nos. 1 & 2*, 85 Misc. 499; affd., 166 App. Div. 969; 24 R. C. L. 291, § 573; Id. 293, § 575.) Nor does the fact that the contract here was one of conditional sale affect the question. (*Peuser* v. *Marsh*, 218 N. Y. 505; *Studebaker Corp.* v. *Silverberg*, 199 N. Y. Supp. 190.)

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.