Submitted on briefs at Pendleton May 7, affirmed September 25, 1928.

## G. W. CLEVENGER *v*. B. F. SMITH.

(270 Pac. 501.)

For appellant there was a brief over the names of *Mr. Pat H. Donegan* and *Messrs. Biggs & Biggs.*

For respondent there was a brief over the name of *Mr. Robert M. Duncan.*

COSHOW, J.— By filing an amended answer after the demurrer to the further and separate defense in the original answer was sustained the

original answer ceased to be a part of the pleadings. The pleadings, upon which the trial was conducted, are the complaint, the amended answer and the reply thereto. It is elementary law that in order to prove an illegal consideration the facts constituting the alleged illegality must be pleaded: 13 C. J. 742, § 890; *Wilson* v. *Prettyman*, 94 Or. 275 (185 Pac. 587); *Whitney* v. *Day*, 86 Or. 268 (168 Pac. 295). The amended answer contains no facts tending to show failure of consideration or illegality of consideration. Further, the citation from C. J., above, also states this principle: "Illegality in the consideration cannot be pleaded as a failure of consideration." Defendant in the instant case has pleaded failure of consideration and has attempted to prove it by showing illegal consideration. The proffered testimony was incompetent. The court did not err, therefore, in sustaining objections to the proffered testimony of defendant.

██ We think the court did not abuse its discretion in denying motions for continuance. Such motions are always addressed to the sound discretion of the courts. This court will not interfere with the ruling of the trial court, unless that ruling is an abuse of its discretion. In the instant case defendant was given 30 days from the second day of April, 1927, in which to file an amended answer. He did not file that amended answer until September 6th. There was ample opportunity for defendant to have prepared his amended answer and to have his testimony reduced to writing before he left the state for New York. His absence was not due to necessity. He was going for his own advantage. His motive for departing from the state was most commendable, but is not sufficient reason to have postponed the

trial of this action. Again, our statute prescribes that if the opposing party will agree the absent witness if present would testify to certain facts continuance will not be granted. Plaintiff agreed that defendant would testify to certain facts; therefore the court ruled in harmony with the statute in denying the continuance: Or. L., § 115.

■ Under the issues framed by the pleadings the stipulated testimony of defendant was not competent. No consideration as alleged is a conclusion. The offer of defendant was an attempt to prove want of consideration by evidence of an illegal consideration. The facts constituting the alleged illegality of the contract were not pleaded; consequently defendant was not entitled to testify to it. The contract did not appear to be illegal from anything of record, so that the court could not of its own motion declare the promissory note unenforceable: *Vnuk* v. *Patterson,* 118 Or. 602, 612, 613 (247 Pac. 766, 47 A. L. R. 394); *Newport Construction Co.* v. *Porter,* 118 Or. 127 (246 Pac. 211); *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093).

Judgment is affirmed. AFFIRMED.