BALCER BROS. MOTOR COACH CO. v. NIEMANN.

1. SALES—BREACH OF WARRANTY—QUESTION FOR JURY.

In action for breach of warranty as to running condition in sale of second-hand motor busses, evidence *held*, sufficient to carry question to jury.

2. SAME—DAMAGES.

Measure of damages for breach of warranty as to running condition in sale of second-hand motor busses is difference between value which they would have had in condition warranted and their value in condition as delivered (2 Comp. Laws 1929, § 9508, subds. 6, 7).

3. SAME—EVIDENCE—MEASURE OF DAMAGES.

In action for breach of warranty as to running condition in sale of second-hand motor busses, testimony as to cost of putting them in condition as warranted was admissible for purpose of ascertaining difference in value between busses as warranted and as delivered, where there was no readily ascertainable market value for them.

4. SAME—BREACH OF WARRANTY—WAIVER—QUESTION FOR JURY.

Whether buyer of second-hand motor busses accepted and used them without giving seller notice of alleged breach of warranty as to running condition, thus waiving right of action for said breach, *held*, question of fact, under testimony, which was properly submitted to jury.

Appeal from Bay; Houghton (Samuel G.), J. Submitted April 5, 1932. (Docket No. 4, Calendar No. 36,280.) Decided June 6, 1932.

Assumpsit by Balcer Bros. Motor Coach Company, a Michigan corporation, against W. L. Niemann and another, copartners, doing business as Wm. L. Niemann & Son, for breach of warranty in the sale of motor busses. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*A. H. McMillan,* for plaintiff.

As to buyer's measure of damages for breach of warranty, see annotation in 34 A. L. R. 549.

*Collins & Thompson,* for defendants.

POTTER, J.    Plaintiff bought of defendants for $62,500—

"the following goods and chattels, to-wit, 15 motor busses, identified as numbers 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, 19 and the Acme bus and the A. C. F. chassis, together with the titles thereto and insurance policies thereon, which motor busses have been used by said party of the first part in operating their motor bus line in the city of Bay City, together with such lines, licenses and permits, and also all parts, accessories, tires, batteries and all other pieces of material belonging to said parties of the first part and used by them in the repairing and operation of said busses."

The bill of sale by which the property was transferred from defendants to plaintiff provided:

"Said parties of the first part do further covenant and agree to and with said party of the second part, its successors or assigns that said busses are in the same condition that they were on the 15th day of April, 1930, and are in fair running condition.  *  *  *  to and with said party of the second part, its successors or assigns, that said parties of the first part will not, for a period of 10 years from the date hereof, directly or indirectly compete in the city of Bay City with the business sold hereunder, or in any relation or capacity whatsoever become engaged in any business which now does or may hereafter compete in the city of Bay City with the business sold hereunder."

Plaintiff sued defendants, filing a declaration in which it claimed damages for the failure to deliver certain tires and tubes of the value of $390.60, and breach of warranty of the motor busses sold by defendants to plaintiff, because they were not in the

same condition as on April 15, 1930, and were not delivered in fair running condition. Plaintiff claimed to be entitled to recover the difference between the value which the busses would have had in the condition warranted and their value as delivered.

Defendants filed a plea of the general issue. There was judgment for plaintiff. Defendants appeal, claiming the questions that should have been tried were *first,* was there a breach of warranty? And *second,* there being such breach, what was the damage to the plaintiff?

There are many assignments of error. There was testimony tending to show the steering wheel was loose on one of the busses at the time of its delivery; a short time after the busses were delivered by defendants to plaintiff, the wheel came off from another; the wheels of another bus shimmied; the brakes of another bus were in a bad condition; the springs of others were broken, and another had the windows broken. The busses, as soon as transferred by defendants to plaintiff, were run in, inspected, the defects checked and marked down. There was testimony indicating these defects were called to the attention of one of the defendants and he said he was going to make good everything that was not right. We think there was sufficient testimony of the breach of warranty to carry the question to the jury, and it was properly submitted.

The measure of damages alleged in the declaration was a proper one—the difference in value between what plaintiff got and what defendants contracted to deliver to it. *Rittenhouse, Winterson Auto Co.* v. *Kissner,* 129 Md. 102 (98 Atl. 361); *White Auto Co.* v. *Dorsey,* 119 Md. 251, 258 (86 Atl. 617); *Stanley* v. *Weber Implement & Vehicle Co.* (Mo. App.), 190 S. W. 372; *Mobile Auto Co.* v.

*Sturges & Co.,* 107 Miss. 848 (66 South. 205); *Miller* v. *Zander,* 85 Misc. Rep. 499 (147 N. Y. Supp. 479), affirmed 166 App. Div. 969 (151 N. Y. Supp. 1130); *W. D. Sessum Motor Co.* v. *White* (Tex. Civ. App.), 261 S. W. 405; *Stringfellow* v. *Botterill Auto Co.,* 63 Utah, 56 (221 Pac. 861, 34 A. L. R. 533).

Subdivisions (6) and (7) of 2 Comp. Laws 1929, § 9508, provide:

"The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.

"In the case of breach of warranty of quality, such loss, in absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

It is not the measure of damages which the defendants object to so much as the manner in which plaintiff sought to prove such damages. In *Leder* v. *National Union Fire Ins. Co.,* 175 Mich. 470, suit was brought upon a policy of insurance issued on a gasoline launch and boathouse. The value of the boat was in question. It is said:

"It does not appear that second-hand boats of the size, style, and equipment of the particular boat had a market value in the community, and does appear that second-hand gasoline boats were sold, perhaps frequently, there. In such cases the value of particular personal property at the particular time being in dispute, and being a fact to be found by the jury, such pertinent facts as are usually inquired about and taken into consideration by the ordinary buyer and seller of similar property may be shown. They are not conclusive, but are intended to aid the jury. The original cost, if purchased in good faith,

the present cost of duplication, the age and the use to which it has been put, the condition of the property at the time at which the value is to be fixed, may be inquired about.''

Objection was made to the testimony of the cost of making repairs upon the busses to put them in the condition warranted. To ascertain the difference in value between the busses as contracted for and the busses as delivered, it was necessary to ascertain their condition and value at each time. Value is a matter of opinion, of sound judgment and discretion, based upon all the elements of value. These busses were second-hand busses. There was no readily ascertainable market value for them. Under such circumstances it has been held the cost of making repairs may be considered as bearing upon the cost of restoring the busses to the condition they were contracted to be in, and as bearing upon the measure of damages. *McGowan* v. *American Pressed Tan Bark Co.,* 121 U. S. 575 (7 Sup. Ct. 1315); *Dwyer* v. *Redmond,* 100 Conn. 393 (124 Atl. 7); *Stanley* v. *Weber Implement & Vehicle Co., supra.*

In the latter case it is said:

''If the car was not in first-class shape for such a car, the cost of making such repairs as were necessary to put it in such shape would be material in determining the difference in value of the car as it was and what it would have been had it been in first-class shape.''

There was no error in receiving this testimony.

Defendants contend the plaintiff accepted the property sold by defendants when delivered and thereby waived any right of action for breach of warranty. The question of acceptance is, we as-

sume, governed by the uniform sales act which provides:

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after a lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." 2 Comp. Laws 1929, § 9487.

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." 2 Comp. Laws 1929, § 9488.

It is claimed by defendants that after the delivery of the property to the plaintiff, plaintiff accepted, used, and operated it without giving the proper notice to defendants, and defendants further contend there was no evidence of breach of warranty.

There was testimony the busses did not, when delivered, comply with the warranty, and that plaintiff gave notice to defendants of the breach. We think there was sufficient testimony, under the rule of *Mutual Electric & Machine Co.* v. *Turner Engineering Co.*, 230 Mich. 63, to carry this question to the jury, and that it was properly submitted. The other assignments of error are without merit.

Judgment affirmed, with costs.

Clark, C. J., and McDonald, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.