Argued September 14; affirmed October 9; rehearing denied
November 27, 1934

# HOWARD-COOPER CORPORATION *v.* UMPQUA DREDGING & CONSTRUCTION CO.

(36 P. (2d) 590)

*William P. Lord,* of Portland, for appellant.

*Allen H. McCurtain,* of Portland (William L. Harrison, of Portland, on the brief), for respondent.

KELLY, J. This action was instituted on the 7th day of February, 1932. It is based upon an account for material and labor. The itemized statement attached to and made a part of plaintiff's complaint discloses a series of charges beginning with one dated January 8, 1930, and concluding with one dated January 28, 1931. The charges total $9,600.53. The credits begin with one dated April 9, 1930, and end with one dated July 10, 1931, and total $6,383.73, leaving a balance of $3,216.80.

In a third amended answer defendant asserts a counterclaim for damages because of an alleged breach of warranty.

At the trial it was stipulated that there was no dispute about the amount sued for being due, owing and unpaid from defendant to plaintiff except for defendant's alleged counterclaim.

Paragraph II of the further and separate answer and counterclaim set forth in defendant's third amended answer sets forth the alleged warranty as follows:

"That about the 13th day of March, 1928, defendant purchased from plaintiff a rock crusher and at the time said rock crusher was purchased by defendant, plaintiff warranted to defendant that the said rock crusher was in mechanically good condition and would crush rock rapidly and would not break down from ordinary wear and tear due to the crushing of rock taken from the

Umpqua river; that the rock crusher would perform the work for which plaintiff knew the same was intended; that it would crush rock with reasonable dispatch and without interruption by breakdowns; * * *.''

Breaches of said alleged warranty are set forth in said further and separate answer and counterclaim and resultant damage is alleged to have been sustained by defendant in the sum of $8,865.27.

Defendant is a corporation and in 1924 was engaged in the sand and gravel business, securing its gravel from the bed of the Umpqua river at Reedsport. Sometime in 1927 or 1928, defendant installed a 36-inch Symons Disc rock crusher in its plant, procuring the same from plaintiff. Defendant used this crusher for about a year, experiencing much trouble with it. Sometime about March, 1928, defendant traded in the 36-inch Symons Disc crusher upon the purchase price of a No. 3 Symons Cone crusher. It is this last-named crusher which defendant claims plaintiff warranted. The testimony discloses that defendant experienced much trouble with the last-named crusher, and that plaintiff repaired it a number of times. About August 9, 1930, defendant traded it in on the purchase price of another No. 3 Symons Cone crusher which plaintiff sold to defendant.

Plaintiff claims that after the acceptance of the crusher by defendant in March of 1928, defendant failed to give notice to plaintiff of the breach of any warranty within a reasonable time after defendant knew or ought to have known of such breach, and that, therefore, under the terms of section 49 of the Uniform Sales Act (section 64-509, Oregon Code 1930) plaintiff cannot be held liable therefor.

Defendant argues that notice to plaintiff of the fact that the crusher was out of repair and would not operate, together with efforts on plaintiff's part to

secure adjustments therefor from the factory, constitute evidence tending to establish that notice of breach of warranty was given.

As we read the record, it is devoid of any evidence to the effect that a claim was being or would be urged by defendant against plaintiff for damages by reason of breaches or any breach of warranty. At one time plaintiff secured an adjustment from the factory by way of a credit in the sum of $545, which defendant accepted. Mr. F. J. Kernan, president of defendant, testified to "battling" with plaintiff orally, but no specific statement appears in the record, either oral or written, by defendant to plaintiff that defendant was insisting upon any claim by reason of a breach of warranty. The "battling" seems to have been chiefly because Mr. Kernan claimed that plaintiff had applied upon the debt of the defendant, corporation, a credit due to him individually.

The purpose of the statutory provision requiring such notice is clearly to give the seller timely information that the buyer proposes to look to him for damages for the breach; that the former may govern his conduct accordingly: *Truslow & Fulle v. Diamond Bottling Corp.*, 112 Conn. 181 (151 Atl. 492, 71 A. L. R. 1142); *Maggioros v. Edson Bros.*, 164 N. Y. Supp. 377; *Wildman Mfg. Co. v. Davenport Hosiery Mills*, 147 Tenn. 551 (249 S. W. 984); *Regina Co. v. Gately Furn. Co.*, 154 N. Y. Supp. 888, affirmed 171 App. Div. 817, 157 N. Y. Supp. 746; *Hesse v. Gude Bros-Kieffer Co.*, 170 N. Y. Supp. 211; *Chess & Wymond Co. v. LaCrosse Box Co.*, 173 Wis. 382 (181 N. W. 313).

Defendant cites *Rittenhouse-Winterson Auto Co. v. Kissner*, 129 Md. 102 (98 Atl. 361). There, plaintiff purchased a motor truck of defendants warranted for four years. Before the expiration of the four years, plaintiff

instituted the suit for breach of said warranty. The court held that the statutory requirement of notice to the seller of the breach of warranty was not available to the defendants because the truck had been repeatedly sent to their shop for repairs and that they were thus apprised of the difficulties plaintiff was having in its use and operation.

It will be noted that in the case last cited the purchaser and not the seller was plaintiff, there was no acceptance on the part of the purchaser of an adjustment by the factory for allegedly defective parts, there had been no exchange of the warranted article and no acceptance by the purchaser from the seller of a different article and no agreement as to the exact amount of credit for the return of the warranted article which should be applied as part payment on the purchase price of the new one, and there was no agreement by the purchaser to pay a specific additional sum as the balance of said purchase price for the new article. Besides, the issue of said breach of warranty was not in the nature of a counterclaim to a complaint based in part upon the agreed balance of said last mentioned purchase price. In a word the case cited was one involving one transaction, that of the purchaser of a motor truck warranted to be serviceable for four years, which motor truck had many times after its purchase been placed in the seller's charge for repairs. The case at bar covers so many additional relationships and agreements, express and implied, between the parties, not present in the case last cited, that the mere fact that plaintiff repaired the crusher many times ought not to render unavailable to plaintiff the provision of the statute requiring notice.

*Balcer Bros. Motor Coach Co. v. Niemann,* 259 Mich. 10 (242 N. W. 820), also cited by defendant, is a case

instituted by the purchaser against the seller apparently based upon a single transaction—that of the purchase of fifteen motor busses. In the opinion, we are told, "There was testimony the busses did not, when delivered, comply with the warranty, and that plaintiff gave notice to defendants of the breach."

*Mutual Electric & Machine Co. v. Turner Engineering Co.*, 230 Mich. 63 (202 N. W. 964), cited by defendant, is a case wherein the defendant purchased an electric switchboard of plaintiff to be and which was installed in the plant of Ireland & Matthews. It was claimed by Ireland & Matthews that the switchboard was defective. Plaintiff made ineffectual efforts to remedy the defects. Ireland & Matthews withheld payment of its purchase price from defendant, and defendant withheld payment thereof from plaintiff. There, it was claimed that notice of the breach of warranty had not been given within a reasonable time. The contract of purchase was made in 1917. The switchboard was in process of manufacture three or four months. In view of the correspondence beginning May 23, 1918, and certain quoted testimony showing repeated conferences as well as the inability of plaintiff to discover the defects and the final remedying thereof by a Mr. Nelson in 1921, the court held that it could not be said as a matter of law that plaintiff did not have notice of the claimed defects within a reasonable time. The case at bar is not one wherein the warranted article was purchased for sale to a third party.

■ The doctrine of the case of *Jamrog v. H. L. Handy Co.*, 284 Mass. 195 (187 N. E. 540), also cited by defendant, which involved the purchase of turkeys, is that the notice required by the statute must refer to particular sales, must fairly advise the seller of the alleged defect, and specify with reasonable certainty in what the breach consists; that it need not necessarily take the

form of an express claim for damages or threat of such, but it is sufficient if it is reasonably inferable therefrom that the buyer is asserting a violation of his legal rights. In the case at bar, we think that the testimony as a whole fails to support any such inference.

■ The fact that the seller has knowledge of the facts constituting the breach of contract does not render it unnecessary for the buyer to give the required notice. The notice required is not of the facts which the seller presumably knows quite as well as, if not better than the buyer, but of the buyer's claim that they will constitute a breach: *American Mfg. Co. v. United States Shipping Board E. F. Corp.,* 7 Fed. (2d) 565; *Marsh Wood Products Co. v. Babcock & Wilcox Co.,* 207 Wis. 209, 224, 225 (240 N. W. 392, 398, 399).

■ Defendant seeks to review the action of the trial court in sustaining a general demurrer to the first further and separate answer and counterclaim set forth in defendant's second amended answer. After said demurrer was sustained, defendant filed a third amended answer. Issue was joined thereupon and a trial had.

"The pleadings on which the parties went to trial became the sole pleadings in the case, as if no others ever existed. By filing the new answer the former answer was in effect withdrawn, and all motions and demurrers relating to it accompanied it." *Wells v. Applegate,* 12 Or. 208 (6 P. 770) ; *Everding & Farrell v. Gebhardt Lumber Co.,* 86 Or. 239 (168 P. 304) ; *Clevenger v. Smith,* 126 Or. 384 (270 P. 501).

The questions sought to be presented by reason of the action of the court in sustaining the demurrer to the second amended answer were waived by the filing of the third amended answer.

The judgment of the circuit court is affirmed.

RAND, C. J., and BELT and BEAN, JJ., concur.