Argued June 28; reversed July 31, 1934

# WELLS *v.* OLDSMOBILE CO. OF OREGON
(35 P. (2d) 232)

*Leland F. Hess* and *William L. Dickson,* both of Portland (Ashby C. Dickson, of Portland, on the brief), for appellants.

*James A. Powers,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

KELLY, J. In their second amended complaint, plaintiffs allege that on or about the 26th day of March, 1930, defendant sold plaintiffs a certain automobile "expressly representing and warranting to the plaintiffs, at the time when the contract of sale was made, that said automobile was a new demonstrator".

Plaintiffs also allege that they are husband and wife and as such constitute a family; that they purchased said automobile for family use, and in doing so "believed and relied upon all representations and warrants of defendant".

It is further alleged that, unknown to plaintiffs, the automobile aforesaid was a much-used second-hand car at the time when it was sold to these plaintiffs, and was in a defective, dangerous and worn condition, and unsuited for the purpose for which it was intended to be used and unsafe to drive, particularly, in that the steering apparatus, mechanism and parts were constructed in a defective manner with faulty materials, and worn to such an extent as to be unsafe for use.

It is also recounted in said amended complaint:

"That on or about June 15, 1930, while plaintiffs were driving said Oldsmobile sedan automobile in a careful and prudent manner at a moderate rate of speed along a smooth, paved highway, about eight miles from the town of Hebo, in Tillamook county, Oregon, the steering apparatus and mechanism of said automobile, because of its faulty and defective condition, suddenly and unexpectedly and without the intervention of any force whatsoever, gave way and broke, thereby causing the said automobile in which the plaintiffs were riding to turn sharply at right angles from the highway, turn, pinning the plaintiffs in said automobile and injuring each of them severely and permanently, the particulars of which injuries will be hereinafter described."

The injuries alleged to have been sustained by each of the plaintiffs are described in said amended complaint and the amount of damages to each plaintiff respectively is set forth.

It is also averred that by reason of the aforesaid accident and the injuries sustained therefrom as aforesaid, the plaintiffs were compelled to and did employ the services of a physician and surgeon, for their medical treatment and hospitalization all to their further special damage in the sum of $1,000.

A description of the physical injury to the car is set forth, concluding with the phrase, "all to their damage in the sum of $478.40".

Paragraph XI of said amended complaint is as follows:

"That the accident above described and the consequent injuries to plaintiffs, and the damages to their said automobile was caused as the result of the breaking and collapsing of the defective and worn steering apparatus as hereinabove alleged; and the warranties made by the defendant were such as were within the contemplation of the parties at the time when plaintiffs purchased said automobile from defendant, or were such as may reasonably be said to have been contemplated by the parties at the time when they made said purchase; and the breach of said warranties on the part of the defendant was the direct, natural, and proximate cause of the said accident and the injuries sustained by the plaintiffs, and each of them, and the damage occasioned to their said Oldsmobile automobile."

The original complaint herein was filed June 16, 1932. The summons was placed in the hands of the sheriff of Multnomah county on June 16, 1932. The second amended complaint was filed on May 10, 1933. Defendant demurred to the second amended complaint on the ground "that more than two years have expired

between the happening of the accident and the time of the filing of the original action, and also the second amended complaint".

The trial court entered an order sustaining said demurrer, for the reason that the statute of limitations had run against plaintiffs' action, and dismissing plaintiffs' action.

The propriety of the trial court's course in this respect depends upon whether this is an action for injury to the person and rights of plaintiffs not arising on contract. If it is such an action, the terms of section 1-206, Oregon Code 1930, apply which require such an action to be instituted within two years after the cause of action shall have accrued. If, however, it is to be deemed to be an action upon a simple contract, under the terms of section 1-204, Oregon Code 1930, it could be instituted at any time within six years after the accrual of the cause of action.

■■ We think that the action is one for breach of an express warranty. Prior to 1778, the action of warranty sounded purely in tort. In that year it was held that assumpsit was the proper form of action in a suit for breach of warranty: *Stuart v. Wilkins,* 1 Doug. (K. B.) 18. Soon thereafter warranty came to be treated almost universally as contractual in nature: 1, Street, Foundation of Legal Legality, 389. Now such an action may be ex contractu or ex delicto: *Gary Coast Agency, Inc., v. Lawrey,* 101 Or. 623 (201 P. 214); 55 C. J., 819, § 801; 24 R. C. L. 242, § 518. In this case, as we construe the second amended complaint, it is an action ex contractu.

For that reason, error was committed in sustaining defendant's demurrer.

■ It is argued that plaintiffs' second amended complaint fails to state a cause of action. The requirements thereof are: 1st, a statement of the consideration for

the warranty; 2d, an allegation of the warranty; 3d, reliance thereon; 4th, breach of said warranty; and 5th, resultant damage.

The consideration, namely, the purchase, is alleged.

There is an allegation of warranty to the effect that the automobile in question, when sold to plaintiffs, was a new demonstrator.

■ We feel that the meaning of the term ''new demonstrator'' might well be more clearly and definitely stated; but, despite this, we think that the second amended complaint sets forth an allegation of warranty.

Plaintiffs expressly allege reliance upon said warranty.

■ Assuming, without deciding, that a new demonstrator is a car of the latest model in use by salesmen in their contacts with prospective purchasers for the purpose of demonstrating the excellence of cars of similar manufacture, we think that no such breach of the alleged warranty is stated in the complaint under consideration as to successfully withstand the effect of a general demurrer.

It is not alleged that at the time of the sale to plaintiffs the car in question was not a new demonstrator. It is not alleged that at the time of the sale it was an old car or an old model, nor is it alleged that it was not a demonstrator. We venture to think that many demonstrators are purchased and owned by the respective salesmen engaged in selling a given line of cars. In that way they become second-hand cars, but if we are correct in our assumption as to what constitutes a new demonstrator that does not change their character as new demonstrators. Their use as suggested renders them used cars, but still, under the foregoing assumption, they remain new demonstrators until superseded by the advent of new models.

■ As to resultant damage, no general damages are alleged. General damages in a case of this character consist of the difference between the actual value of the article purchased and its value, if it were as warranted: *Rittenhouse-Winterson Auto Co. v. Kissner*, 129 Md. 102 (98 Atl. 361); *International Motor Co. v. Oldfield*, 134 Md. 207 (106 Atl. 611); *Mobile Auto Co. v. Sturgis & Co.*, 107 Miss. 848 (66 So. 205); *Stanley v. Weber Implement & Vehicle Co.*, 190 S. W. 372; *Miller v. Zander*, 85 Misc. 499 (147 N. Y. S. 479, Affmd. 166 App. Div. 969, 151 N. Y. S. 1130); *W. D. Sessum Motor Co. v. White*, 261 S. W. 405; Berry, Automobiles (5th Ed.), § 1647. The actual value is nowhere alleged, nor what the value would have been if the car had been as represented.

■ When the seller of personal property has breached his express warranty to furnish an article of a specified kind, quality or condition, he is liable, as in the case of any other kind of a contract for both general and special damages: *Feeney & Bremer Co. v. Stone*, 89 Or. 360 (171 P. 569, 174 P. 152).

■ In order to recover special damages, the buyer must allege and prove that the special damages claimed by him are such as were contemplated, or may reasonably be said to have been contemplated by the parties at the time they made the contract: *Feeney & Bremer Co. v. Stone*, supra.

The complaint under consideration fails to disclose any basis for a recovery of the special damages claimed.

■ Damages for personal injuries may be recoverable in an action for breach of warranty: 24 R. C. L. 261, § 541, and authorities there cited. In the case at bar, however, no joint right of action for personal injuries is alleged.

"If several plaintiffs sue jointly, facts should be averred showing a joint right of action existing in all of them." 49 C. J. 140, § 146; 47 C. J. 58, 59, § 118; Patterson ex ux. v. Howe, 102 Or. 275 (202 P. 225).

■ Merely alleging that a car purchased in March broke down while being driven by plaintiffs during the following June, and that then various parts thereof were worn and defective, does not disclose that indemnification against damage thus occurring to the car and to its occupants was within the contemplation of the parties at the time of purchase. Moreover, there is no allegation, nor is it easy to understand how there could be proof, that such misfortune would not have occurred if at the time of the sale the car had been a new demonstrator.

■ The claim for medical treatment and hospitalization is alleged as a joint demand by plaintiffs, but it is defectively stated in that it is not alleged that plaintiffs paid or incurred any specific obligation or obligations, or that the expense, if any, so incurred, was a reasonable charge for the services performed. The allegation is merely of damage.

If a general demurrer to plaintiffs' second amended complaint had been interposed in the circuit court, it should have been sustained; however, we think another opportunity should be given plaintiffs to amend their complaint.

In the matter of granting leave to amend, we do not wish to be understood as encroaching upon the discretion of the trial court, if so minded, to impose such terms as may be reasonable and just.

The judgment of the circuit court is reversed and the cause remanded for such further proceedings as may not be inconsistent herewith.

RAND, C. J., and BELT and ROSSMAN, JJ., concur.