Argued January 15, reversed and remanded July 19, petition for
rehearing denied September 5, 1973

## REDFIELD, *Appellant, v.* MEAD,
## JOHNSON & COMPANY, *Respondent.*

512 P2d 776

William B. Murray, Portland, filed a brief for appellant.

*Paul R. Duden,* Portland, argued the cause for respondent. With him on the brief were Tooze, Kerr & Peterson, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, and BRYSON, Justices.

McALLISTER, J.

Plaintiff brought this action under the Uniform

Commercial Code against the manufacturer of a contraceptive drug to recover damages for personal injuries resulting from the alleged breach of an implied warranty that the drug was fit for the purpose for which it was sold to her. The trial court sustained a demurrer to plaintiff's second amended complaint on the ground that the action was barred by the two-year tort statute of limitations. Plaintiff appeals from the resulting judgment contending that the trial court applied the wrong statute of limitations. We agree with plaintiff and reverse. We hold that the four-year statute of limitations specifically prescribed by the Uniform Commercial Code is applicable to this action.

This action was commenced on August 26, 1971. The second amended complaint alleged that between May, 1966, and the end of January, 1968, defendant manufactured and sold a contraceptive drug, and that plaintiff purchased and used that drug during the same period. Plaintiff alleged that, as a result of her use of the drug, she suffered personal injuries in February, 1968. The complaint further alleged that defendant impliedly warranted that the drug was safe for use as a contraceptive, and that plaintiff relied on the defendant's skill and judgment, and upon its implied warranty of fitness, but that the drug was not safe and was not reasonably fit for plaintiff's use as a contraceptive, and that defendant failed to furnish proper directions or warnings about the dangers of using the drug.

Actions for breach of implied warranties are governed by our Commercial Code. See ORS 72.3140, 72.3150, 72.7140. The Code specifically provides as one of the buyer's remedies for a breach of a contract of sale the recovery of damages for personal injuries

caused by a breach of warranty. ORS 72.7150 provides as follows:

"72.7150 *Buyer's incidental and consequential damages.* * * *

"(2) Consequential damages resulting from the seller's breach include:

* * * * *

"(b) Injury to person or property proximately resulting from any breach of warranty."

See, also, ORS 72.3180.

The Uniform Commercial Code's special four-year statute of limitations is contained in ORS 72.7250, which reads in pertinent part as follows:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

Our general statute on limitations of actions is ORS 12.010:

"Actions at law shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, *except where a different limitation is prescribed by statute.* * * *"
(Emphasis added.)

When the above statutory provisions are read together, the legislative intent is clear. The legislature has provided a cause of action for personal injuries for breach

of warranty, and has adopted a limitation period made specifically applicable to such actions. The action for breach of warranty is clearly one for which "a different limitation is prescribed by statute" (ORS 12.010) and thus is not governed by the provisions of Chapter 12.

In spite of the clarity of these provisions, defendant argues that the two-year tort statute should apply because this court has characterized product liability actions as sounding in tort. This argument misses the mark. The seller's implied warranties have their genesis in the contract of sale. Where the legislature has provided for a right of action for breach of the warranties implied in such a contract, it does not matter whether that action would be characterized at common law as lying in tort or in contract. It is a statutory action for which a specific limitation period has been provided. We do not need to look outside the provisions of the Code for more precise definitions.

In some of our cases applying the principles of strict liability in tort, the pleadings were framed in traditional warranty terms. In *Wights v. Staff Jennings,* 241 Or 301, 405 P2d 624 (1965) the action was filed before the effective date of the Uniform Commercial Code. We held there that a non-privity purchaser may have a cause of action, based entirely upon tort principles, for injuries caused by a defective product. It was pointed out that the tort liability which was recognized in that case "is distinct from that imposed under the Uniform Sales Act * * * or the Uniform Commercial Code * * *." 241 Or at 310, note 14. Because of the evolving nature of the tort of strict liability, we have not always held plaintiffs to the strict terms of their pleadings. This has been

recently discussed in *Markle v. Mulholland's, Inc.*, 265 Or 259, 263, 509 P2d 529, 531 (1973) and *McGrath v. White Motor Corp.*, 258 Or 583, 593-594, 484 P2d 838 (1971). Those cases indicate a temporary leniency toward plaintiffs who had drawn their pleadings in traditional warranty terms but whose cases had been tried on the theory of strict tort liability. We did not indicate, and did not intend, that plaintiffs who wished to base their actions on the Uniform Commercial Code would be denied that right.

It has also been argued that application of the Code's four-year limitation period would be undesirable in consumers' actions for personal injury because the buyer's cause of action under ORS 72.7250 will ordinarily accrue when the seller tenders delivery of the goods. It may be that the Code's limitation statute could, in some cases, result in barring a plaintiff's cause of action before any injury has occurred. This was the result in *Mendel v. Pittsburgh Plate Glass Co.*, 25 NY2d 340, 253 NE2d 207, 305 NYS2d 490 (1969), a case which has been extensively discussed and criticized.[1] The real significance of the *Mendel* case, however, is that it apparently forecloses recovery on a theory of strict liability in tort, leaving injured purchasers and users of defective products to their remedies for negligence and breach of warranty.[2] This

---

[1] See, for discussions of *Mendel* and the statute of limitations problem, Dewey, *Products Liability Without Privity: Contract Warranty or Tort*, 45 St John's L Rev 76, 80 (1970); Bischoff, *Comments on Mendel*, 45 St John's L Rev 71 (1970); Siegel, *Procedure Catches Up—And Makes Trouble*, 45 St John's L Rev 63 (1970); Note, 39 Fordham L Rev 152 (1970); Note, 11 Bost Coll Ind & Comm L Rev 1038, 1044-1045 (1970).

[2] "* * * When *Goldberg* [Goldberg v. Kollsman Instrument Corp., 12 NY2d 432, 191 NE2d 81, 240 NYS2d 592 (1963)] was

(Continued on page 279)

court, however, has very recently reaffirmed its recognition of the theory of strict liability in tort as formulated in Restatement of Torts 2d, § 402 A. *Markle v. Mulholland's, Inc.,* supra. With this theory available, a plaintiff who is injured more than four years after the sale of the defective product, although barred from recovery for breach of warranty in an action pursuant to the Code, will nevertheless have two years to bring an action based on strict liability in tort, provided he can show that the defective product was unreasonably dangerous as required under § 402 A.

It is argued that the legislature could not have intended plaintiffs in product liability cases to have a choice between two different limitation periods, and that we should apply the tort statute of limitations as best fitted to the essential nature of an action for personal injuries for breach of warranty. We have not, however, found any evidence of the legislature's intention to limit plaintiffs to a single theory of recovery.

---

(Continued from page 278)
before us, we were confronted with the issue of whether or not a cause of action other than in negligence should exist in favor of those persons not in privity with the contract of sale. After determining that the cause of action should exist, two avenues were open to us—either to establish, as other jurisdictions already had, a new action in tort, or to extend our concept of implied warranty by doing away with the requirement of privity. While there is language in the majority opinion in *Goldberg* approving of the phrase 'strict tort liability', it is clear that *Goldberg* stands for the proposition that notwithstanding the absence of privity, the cause of action which exists in favor of third-party strangers to the contract is an action for breach of implied warranty. * * *" 253 NE2d at 209.

*Mendel* was not governed by the Uniform Commercial Code. The court applied the general contract statute of limitation, and indicated that the Code's four-year statute would govern in cases involving sales which took place after the Code's effective date.

There are cases in which this court has denied plaintiffs the right to obtain the benefit of a favorable statute of limitations by restricting them to a single theory of recovery. In *Dowell v. Mossberg,* 226 Or 173, 355 P2d 624, 359 P2d 541 (1961), a medical malpractice case, we held that the real basis of the action is the physician's failure to use due care, and that the "unspoken contractual relationship" between a physician and patient will not support an action for breach of contract. We left open the question whether a plaintiff could, within the contract limitation period, bring an action based on an express contract to effect a cure or to accomplish a particular result. 226 Or at 181. We extended *Dowell* to another malpractice setting in *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967), an action against an engineer who had contracted to perform professional services as an architect. The plaintiff alleged that the defendant had failed to use due care and skill in carrying out his contractual duties. We said that it was the failure to exercise care, and not the breach of the contract, which was the substance of the action. 246 Or at 256. See, also, *Goodman v. Fernald,* 154 Or 654, 61 P2d 1253 (1936), an action for breach of a covenant to repair leased premises, in which the court said the "gravamen of the complaint" was in tort, and that the action was barred by the tort statute of limitation. 154 Or at 662.

Another line of cases, however, permits plaintiffs who have available two theories of recovery for a single wrong to choose that which results in the more beneficial limitation period. In *Martin v. Reynolds Metals Co.,* 221 Or 86, 342 P2d 790 (1959) we applied the trespass limitation statute although an action for nuisance, governed by a shorter limitation period, would also have been available to the plaintiff. *Wells*

*v. Oldsmobile Co.,* 147 Or 687, 35 P2d 232 (1934), was an action for breach of express warranty in the sale of a new car. The court held that the action was not barred by the tort statute of limitation. It was of the opinion that an action for breach of warranty could be brought either in tort or contract, and that the complaint in that case sounded in contract. Other cases, although not involving the statutes of limitation, assume the plaintiff's right to choose between available tort and contract theories. *Harper v. Interstate Brewery Co.,* 168 Or 26, 36-42, 120 P2d 757 (1942); *Sevier v. Mitchell,* 72 Or 483, 142 P 780 (1914).

The legislature has not, so far as we are aware, taken any position on this question. It has, however, provided a limitation period specifically applicable to actions for breach of warranty, including personal injury actions. Regardless of our view of the "gravamen" or "substance" of an action for personal injuries caused by breach of warranty, we are not free to ignore this provision.

It has also been suggested that the legislative intent that the tort statute should apply may be found in the fact that when the legislature enacted the Uniform Commercial Code, it amended ORS 12.080, the general contract statute of limitations, to provide an exception for sales contract actions governed by ORS 72.7250, but did not similarly amend ORS 12.110, the general tort statute of limitation. We do not find this circumstance particularly significant. Prior to the enactment of the Code, this court had held that an action for personal injuries resulting from the breach of a sales warranty was governed by the contract statute of limitations. *Wells v. Oldsmobile Co.,* supra, 147 Or 687. On the basis of the *Wells* decision, the legislature

may well have concluded that because a warranty action had previously been governed by the general contract statute, only that statute needed to be amended to conform to ORS 72.7250.

Cases from other jurisdictions which have considered this problem are divided. Three cases which have refused to apply the Uniform Commercial Code statute of limitations involved a choice between the Code provision and a statute applying, by its terms, to all actions for personal injury or property damage. *Tyler v. Street & Co.,* 322 FS 541 (ED Va 1971); *Heavner v. Uniroyal, Inc.,* 118 NJ Super 116, 286 A2d 718 (1972); *U. S. Fidelity & G. Co. v. Truck & Con. Equip. Co.,* 21 Ohio St 2d 244, 257 NE2d 380 (1970). These cases are distinguishable on the ground that a personal injury or property damage statute of the kind they involved is more specific than the Code's general statute, applying to all actions on sales contracts. ORS 12.110 (1) is not so specific in its terms.[9] The decision in the *U. S. Fidelity* case, moreover, is expressly based on the reasoning that because the plaintiff was not in any privity relationship recognized by the Code's provisions, the complaint did not state a cause of action in contract for breach of warranty. See, also, *Abate v. Barkers of Wallingford, Inc.,* 27 Conn Supp 46, 229 A2d 366 (CP New Haven 1967), a trial court decision which we do not find persuasive.

■ On the other hand, several courts of last resort have applied the Code's statute of limitations in breach of warranty actions on the ground that the legislature has provided a statute specifically governing actions

---

[9] "An action * * * for any injury to the person or rights of another, *not arising on contract,* and not especially enumerated in this chapter, shall be commenced within two years; * * *." (Emphasis added.)

brought under the Code's sales article, including personal injury actions for breach of warranty. *Sinka v. Northern Commercial Company,* 491 P2d 116 (Alaska 1971); *Gardiner v. Philadelphia Gas Works,* 413 Pa 415, 197 A2d 612 (1964); *Layman v. Keller Ladders, Inc.,* 224 Tenn 396, 455 SW2d 594 (1970). In the *Sinka* case the tort statute, which the court held inapplicable to an action for breach of warranty brought under the Code, was nearly identical to ORS 12.110 (1). We agree with these courts, for the reasons we have stated, and hold that an action for personal injuries caused by a breach of the warranties implied in a contract for the sale of goods, by virtue of our Commercial Code, may be brought within four years after the accrual of the cause of action.

Defendant also contends that the complaint does not state a cause of action for breach of warranty. It is argued that plaintiff did not adequately allege that the drug was not of merchantable quality, that there was no allegation of privity, and that plaintiff failed to allege that she had given defendant the required notice of the breach of warranty.

■ The complaint alleges that the drug was a contraceptive pill, that defendant knew that members of the public were purchasing the pill for contraceptive purposes, and that the drug "was unsafe and was not reasonably fit for plaintiff's use as a contraceptive." These are adequate allegations that the drug was unmerchantable, in that it was not fit for the ordinary purposes for which such goods are used. ORS 72.3140 (2)(c).

■ On the question of privity, plaintiff points to her allegation that she relied upon defendant's implied warranty of fitness for "the purpose for which said

drug was *sold by defendant* to the public and *to the plaintiff*" (emphasis added). Although not as direct as it might be, we believe this allegation is adequate to inform defendant that plaintiff claimed to be a purchaser of the drug, and to permit the raising of the issue of privity by denial.[4]

■ Plaintiff concedes that her complaint is inadequate in that it does not allege that defendant was given notice of the alleged breach. ORS 72.6070 (3) provides:

"Where a tender has been accepted:

"(a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; * * *."

The language of this section indicates that notice is an essential element of plaintiff's case. It has been so held. See *L. A. Green Seed Company of Arkansas v. Williams,* 246 Ark 463, 438 SW2d 717, 719 (1969). Plaintiff has asked for leave to amend her complaint to include an allegation of notice. As the trial court sustained the demurrer on the basis of the statute of limitation, which we have held to be error, and not on the basis of other defects in the complaint, we believe plaintiff should be given an opportunity to amend in this particular.

The case is reversed and remanded with directions to the trial court to permit plaintiff to amend her complaint to add an allegation of notice of breach,

---

[4] Plaintiff relies on this allegation as adequate to allege a direct sale by defendant to plaintiff. Therefore, this case does not require us to consider whether the protection of the Code's warranty provisions will be extended to other persons in the distributive chain.

and for such further proceedings as may be appropriate.

DENECKE, J., specially concurring.

I concur in the majority opinion.

The reason for the problem is historical. Courts extended the basis for liability in products liability cases beyond negligence. In making the extension they borrowed the concept and terminology of "implied warranty" from the law of sales in order to keep within known legal remedies. *Stonebrink v. Highland Motors,* 171 Or 415, 423-426, 137 P2d 986 (1943). This, however, created new problems because implied warranty in the law of sales had some impedimenta which were regarded as ill-suited to a remedy for personal injuries. The requirement of privity and the necessity of notice of breach were two such impedimenta. The courts eventually freed the remedy of these contractual incidents by evolving the tort of strict liability. *Wights v. Staff Jennings,* 241 Or 301, 405 P2d 624 (1965); *Heaton v. Ford Motor Co.,* 248 Or 467, 435 P2d 806 (1967).

At the same time that the tort of strict liability was evolving from the contractual remedy of implied warranty, the drafters of the Uniform Commercial Code were slightly enlarging the implied warranty remedy for personal injuries.

In *Markle v. Mulholland's, Inc.,* 265 Or 259, 509 P2d 529 (1973), the majority of this court recognized the existence of two separate remedies, one, strict liability in tort, and the other, implied warranty, provided by the Uniform Commercial Code. When the Uniform Commercial Code remedy is sought it logic-

ally should be accompanied by both the benefits and the detriments expressly provided by the statute.

O'CONNELL, C. J., dissenting.

The majority opinion recognizes that in our most recent cases we have held that where an action can be brought either in tort or in contract the applicable statute of limitations is to be determined on the basis of the predominant characteristic of the action. Thus in *Bales for Food v. Poole*, 246 Or 253, 424 P2d 892 (1967), we were called upon to decide whether an action for damages resulting from an engineer's failure to provide for parking facilities in designing a shopping center was governed by the two-year statute of limitations covering actions for negligent conduct, or the six-year statute limiting actions for breach of contract. We held that since the failure to exercise care was the "substance of the action," the tort rather than the contract limitation period was applicable. While we noted a need for change in the law relating to the limitation of actions, the import of *Bales* is that the time within which actions must be commenced cannot depend upon the form in which the action is brought.

The majority opinion refers to earlier cases such as *Harper v. Interstate Brewery Co.*, 168 Or 26, 120 P2d 757 (1942); *Wells v. Oldsmobile Co.*, 147 Or 687, 35 P2d 232 (1934); *Sevier v. Mitchell*, 72 Or 483, 142 P 780 (1914), which the court apparently regards as inconsistent with *Bales*. To the extent that those cases are inconsistent, I would have thought them overruled.

At any rate, the majority would distinguish *Bales for Food* and similar cases on the ground that a specific statute was not involved in those cases,

whereas in the present case the legislature has by the enactment of ORS 72.7250 specifically provided the statute of limitations for actions for breach of warranty, including personal injury actions. But in *Bales for Food* there was also a statute providing the limitation period for contract actions, just as there is in ORS 72.7250. We held that the tort limitation period was controlling because the gravamen of the action was tort rather than contract. If an action for personal injuries resulting from the use of a defective product is regarded as predominantly an action in tort, I fail to understand why the principle in *Bales for Food* does not apply simply because the Uniform Commercial Code made provision for limiting actions "for breach of any contract for sale * * *."

We have made it clear enough in our previous cases that a cause of action for personal injuries arising from a breach of the implied warranty of merchantability is in tort rather than in contract. In *Wights v. Staff Jennings*, 241 Or 301, 305, 405 P2d 624 (1965), we said:

> "The word 'warranty,' with its connotation of contract has tended to obscure the fact that the liability imposed upon the seller for harm resulting from defective goods sold by him may rest entirely upon principles of tort law. Courts which see this have discarded the language of warranty and have described the seller's obligation to furnish goods of merchantable quality in terms of the tort principle of strict liability."[2]

The strict liability in tort which courts have imposed upon the seller of goods has been applied not only

---

[2] McGrath v. White Motor Corp., 258 Or 583, 593, 484 P2d 838 (1971); Heaton v. Ford Motor Co., 248 Or 467, 470, 435 P2d 806 (1967).

where there is privity between the plaintiff buyer and the defendant seller (a situation in which it could be said that a contractual relation exists), but also where there is no privity between plaintiff and defendant and therefore where liability cannot be predicated upon contract. This clearly demonstrates that the courts have not regarded the contractual feature of the transaction as the basis upon which the liability for injury resulting from a defective product should be imposed; liability is deemed to rest upon policy considerations peculiar to the law of torts. In a like manner, liability for personal injuries under the Uniform Commercial Code is fundamentally premised upon the breach of a duty of conduct imposed by law, and is subject to contractual bargaining, if at all, only to a limited extent. Taking this view, the action for personal injuries is not "an action for breach of [a] contract for sale" under ORS 72.7250.

The majority contends that the essential nature of an action for personal injuries cannot be the basis for selecting the appropriate limitation period because "the legislative intent is clear" that ORS 72.7250 should govern.

When the Code was enacted in Oregon, amendments and repealers of other statutes were also enacted in order that such statutes would be harmonized with Code provisions. This was in lieu of the general repealer provision recommended by the National Conference of Commissioners on Uniform State Laws and the American Law Institute. It is significant in this regard that whereas ORS 12.080, the statute of limitations for *contract* actions, was amended to apply "except as otherwise provided in section 72.7250," no similar amendment was made to ORS 12.110, the stat-

ute of limitations for injury to the person. Only ORS 12.080 was amended in keeping with the official comment to ORS 72.7250, which states that "[t]his Article takes sales contracts out of the general laws limiting the time for commencing contractual actions * * *."[2]

Moreover, the application of ORS 12.110 to personal injury actions brought under the Code does not affront the purpose and policy underlying ORS 72.7250. The purpose of ORS 72.7250, as described in the comment thereto, is to provide a "uniform statute of limitations for sales contracts" which is compatible with "the normal commercial record keeping period" of business concerns. This court has taken the position that the enactment of the Code was not intended to preclude us from providing a remedy for personal injuries resulting from defective products under the theory of strict tort liability set out in Section 402A of the Restatement (Second) of Torts. It would seem without question that an action brought on the theory of Section 402A would be governed by the two-year statute of limitations prescribed by ORS 12.110. But whereas an action under Section 72.7250 of the Uniform Commercial Code accrues "when tender of delivery is made," an action under ORS 12.110 accrues when plaintiff discovers his injury. I assume that the

---

[2] The majority finds this evidence of legislative intent unpersuasive because twenty-seven years prior to the enactment of the Code this court held that an action for personal injuries resulting from the breach of a sales warranty was governed by the contract statute of limitations. Wells v. Oldsmobile Co., 147 Or 687, 35 P2d 232 (1934). The opinion in that case pointed out that warranty actions may sound either in tort or in contract. The court concluded that because an express rather than implied warranty was at issue, the contract limitation period would apply. Even if the legislature was aware of *Wells* when it enacted the Code, a fair reading of that decision could not support the conclusion that in every case warranty actions would be governed by the general contract statute.

majority would regard it as permissible for the plaintiff who has suffered personal injuries to allege in his complaint a cause of action for breach of "contract" under the Uniform Commercial Code and also a cause of action in strict liability under Section 402A. Since these alternatives are open to plaintiff, the reason which supports ORS 72.7250 cannot be advanced by application of the Code's limitation period because businesses will not be secure in disposing of their records four years after the sale of a product.

The majority concedes that under their interpretation of ORS 72.7250, because a cause of action accrues when the seller tenders delivery of the goods, a plaintiff may be barred even before he is injured. This was the result reached in *Mendel v. Pittsburg Plate Glass Co.,* 25 NY2d 340, 305 NYS2d 490, 253 NE2d 207, 211 (1969). In a dissenting opinion Justice Breitel expressed the view that "it is all but unthinkable that a person should be time-barred from prosecuting a cause of action before he ever had one." We have expressed the same view in a different context. In *Berry v. Branner,* 245 Or 307, 312, 421 P2d 996 (1966), we said:

> "* * * To say that a cause of action accrues to a person when she may maintain an action thereon and, at the same time, that it accrues before she has or can reasonably be expected to have knowledge of any wrong inflicted upon her is patently inconsistent and unrealistic. She cannot maintain an action before she knows she has one. To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law."

The majority is not distressed by the fact that

application of ORS 72.7250 might bar an action before it arises because a plaintiff will nevertheless have two years, measured from the date he discovers his injury, in which to bring an action under Section 402A. However, the issue in the present case is the coverage of ORS 72.7250 which the legislature intended when it enacted the Code in 1961, several years before this court adopted the theory of liability set out in Section 402A. While it is certainly within the province of the legislature to bar an action before it arises, we should not presume that the legislature intended such an unreasonable result unless the statute expressly so provides. In all events, under the reasoning of the majority and our recent decision in *Markle v. Mulholland's, Inc.*, 265 Or 259, 509 P2d 529 (1973), if by inadvertence or mistake a plaintiff couches his complaint in warranty terms, his action will be treated as falling within the Code and will be barred if his injury occurred more than four years after sale of the defective product.

As I stated previously, an action brought on the theory of Section 402A would undoubtedly be governed by the two-year statute of limitations prescribed by ORS 12.110. In holding that an action brought under the commercial code for breach of an implied warranty of merchantability is barred four years after tender of delivery, the majority is saying, in effect, that the legislature intended to provide two different periods of limitation for a product causing personal injury, depending upon whether plaintiff decided to bring his action under the theory of Section 402A or under the Code. It does not seem reasonable to assume that the availability of such a choice would have been countenanced by the legislature.

In support of its holding the majority points to

those areas of law where, in the same fact situation, plaintiff may avail himself of different theories of recovery, and thereby have a choice of different statutes of limitation. This argument assumes that it is desirable to permit the plaintiff to have a choice of different theories on the same set of facts. That is a questionable assumption. In a recent article Professor Page Keeton, after pointing out that the courts have recognized both the theory of implied warranty and strict liability, makes the following comment:

"* * * Often, appellate courts have approved and authorized charges on both theories. Indeed a charge to the jury in a product liability case is often a conglomerate of three theories—negligence, implied warranty and strict liability in tort. Such charges are often unintelligible even to a sophisticated lawyer unless he has specialized on this subject, and certainly they are so to a lay jury. Our supreme courts should arrive at *a* theory of recovery to the exclusion of all others. Trial judges cannot under the present state of the law be criticized for being unable to submit a product liability case to a jury in a satisfactory manner. This situation emphasizes the fact that lack of efficiency in the administration of justice is often due to the complexities and ambiguities of the substantive law rather than to either court organization or court procedures. The fact that litigants, especially plaintiffs, want as a matter of tactics to employ all three theories is not at all decisive." Keeton, Product Liability and The Meaning of Defect, 5 St. Mary's L J 30, 36 (1973).

I expressed a similar view in a specially concurring opinion in *Markle v. Mulholland's, Inc., supra.* Since this court has seen fit to fashion its own theory of strict liability (Section 402A), it should treat it as the exclusive theory under which actions are brought for personal injuries resulting from defective products.

In passing, I would suggest that we eliminate the double-barreled character of other actions. In some areas we might well combine separate torts into a single category. Ripe for this treatment are nuisance and trespass to land, relied upon by the majority to support the argument for a choice of actions in the present case. The law of nuisance and trespass should be merged into a single action for the interference with one's possessory interest in land.

It is my opinion that since our legislature has previously singled out personal injury actions as deserving of a particular limitation period, where the real basis of a claim is injury to the person that statute should apply. I would confine the Code limitation period to the usual contractual actions for the recovery of economic losses such as loss of profits, loss of bargain and the like, and would exclude from its coverage actions for personal injuries.

For the foregoing reasons, I respectfully dissent.

HOLMAN, J., joins in this dissent.