Argued October 4, affirmed November 29, 1977

# CAVAN, *Appellant,*
*v.*
# GENERAL MOTORS CORPORATION, *Respondent,*
## WHITE MOTOR COMPANY, *Defendant,*
## INTERSTATE TRACTOR & EQUIPMENT et al,
*Respondents.*
## (No. 420-124, SC 24634)

571 P2d 1249

James B. Griswold, of Green & Griswold, Portland, argued the cause for appellant. With him on the briefs was Michael R. Shinn, Portland.

David W. Axelrod, Portland, argued the cause for respondent I. T. & E. Liquidating Co.; E. Joseph Dean, Portland, argued the cause for respondent General Motors Corporation. With them on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Wayne A. Williamson, and Ridgway K. Foley, Jr., Portland; and Davies, Biggs, Strayer, Stoel and Boley, and Phillip D. Chadsey, Portland.

No appearance for respondent Interstate Tractor and Equipment Company.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent, and Linde, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action for personal injuries suffered in a crawler tractor accident in September 1973. Plaintiff was injured due to his being thrown from the tractor when its engine died and its brakes failed to operate. The tractor had been manufactured by defendant General Motors Corporation and sold to defendant Interstate Tractor and Equipment Company in July 1964. In August 1964 Interstate sold the tractor to plaintiff's employer, Houghton Logging Company. Plaintiff filed his complaint on August 29, 1975. The trial court granted summary judgment for defendants on the basis of ORS 12.115, the statute of ultimate repose, which places a ten-year limitation on the bringing of certain actions.

■ The first count of plaintiff's complaint alleges negligence in several respects on the part of defendants. By its express terms, ORS 12.115 bars an action for negligently inflicted injury brought more than ten years "from the date of the act or omission complained of." Since plaintiff filed his complaint more than ten years following the manufacture and sale of the tractor, plaintiff must depend upon some other acts of defendants in order to prevail.

In *Josephs v. Burns and Bear,* 260 Or 493, 491 P2d 203 (1971), we rejected the argument that the effect of the statute could be avoided by an allegation that the defendant breached a continuing duty to warn of the dangers or defects of a product. We did not express an opinion as to the situation where "an active, continuous relationship between plaintiff and defendant exists from the time of the negligent acts to a time within the period during which an action is permitted." *Josephs v. Burns and Bear, supra* at 501-02. Plaintiff contends that this is such a case and that we should resolve the reserved issue in his favor. Since we do not believe that this case presents the type of situation reserved in *Josephs,* we disagree.

The record discloses no "active, continuous relationship" between plaintiff and defendants or between plaintiff's employer and defendants. The only evidence pointed out as establishing the existence of a continued relationship shows that in 1968 defendants provided Houghton Logging Company with an add-on emergency brake actuator designed to remedy the problem which allegedly led to the injury complained of here. This actuator was placed upon another, similar piece of equipment and failed to work satisfactorily. This single occurrence is not illustrative of the situation reserved in *Josephs.* The transaction in question here is a normal sale of goods.

In *Josephs* we withheld consideration of situations in which the plaintiff is in a relationship of trust and confidence with the defendant and in which continued treatment or other ongoing resort to the skills of the defendant is required. The classic example is the doctor-patient relationship. *See Hutchinson v. Semler,* 227 Or 437, 443-44, 361 P2d 803, 362 P2d 704 (1961). In cases such as this the potential plaintiff may be in no position of independence to recognize fairly the existence of a cause of action until the relationship is terminated. Such a situation may call for a different application of the policies behind a statute of limitations or statute of ultimate repose.[1] An ordinary contract relationship for the sale of goods does not call for the imposition of a special rule.

Plaintiff further argues that ORS 12.115 does not bar his second count, which seeks to impose liability on defendants by virtue of their sale of a dangerously defective or "ultrahazardous" product. Although the statute by its terms applies only to negligently inflicted injury, in *Johnson v. Star Machinery,* 270 Or 694, 530 P2d 53 (1975), we held the statute applicable to cases based on products liability brought in accordance with Restatement (Second) of Torts, § 402A.

---

[1] ORS 12.110 now deals with these problems in the medical malpractice context.

Insofar as plaintiff's second count is premised on § 402A, it is therefore also barred. Plaintiff, however, seeks to avoid this result by contending that the defective tractor produced an "ultrahazardous condition," since the brakes would not function properly when the engine was off.

■ This argument stems from the distinction we made in *Johnson* between cases founded on negligence or strict products liability and those based on the ultrahazardousness[2] of an activity. In the course of holding ORS 12.115 applicable to strict products liability actions, we noted evidentiary and policy considerations behind statutes of limitation and statutes of ultimate repose which led us to conclude that no distinction should be drawn between actions based on negligence and those based on products liability for purposes of the statute. *Johnson v. Star Machinery, supra* at 711. We pointed out that these factors do not call for the same result when an activity is challenged as ultrahazardous or abnormally dangerous. Plaintiff attempts to fit this case into the ultrahazardous class.

Historically, the strict liability rule of *Rylands v. Fletcher, supra,* is applied when an *activity* creates an abnormally dangerous condition, or by its nature presents extraordinary risk of harm to person or property.[3] Oregon cases have applied the rule in

---

[2] "Ultrahazardous" is the term used by the Restatement of Torts to denote those activities which lead to strict liability under the rule of *Fletcher v. Rylands,* 3 H&C 774, 159 Eng Rep 737 (Ex 1865), *reversed in Fletcher v. Rylands,* LR 1 Ex 265 (1866), *affirmed in Rylands v. Fletcher,* LR 3 HL 330 (1868). The Restatement of Torts § 520. The Restatement (Second) of Torts classifies such activities as abnormally dangerous, and it lists several factors to be used in making the determination of abnormal dangerousness. Restatement (Second) of Torts § 520. Our cases have adopted the approach of the Restatement (Second). *See, e.g., McLane v. Northwest Natural Gas,* 255 Or 324, 467 P2d 635 (1970); *Nicolai v. Day,* 264 or 354, 506 P2d 483 (1973). Contrary to the assertion of plaintiff in this case, the issue of abnormal dangerousness *vel non* is a question of law for the court. *Phillips v. Kimwood Machine Co.,* 269 Or 485, 496-501, 525 P2d 1033 (1974); *Loe et ux v. Lenhardt et al,* 227 Or 242, 249-50, 362 P2d 312 (1961).

[3] *See generally,* W. Prosser, Law of Torts § 78 (4th ed 1971).

several contexts. *See, e.g., McLane v. Northwest Natural Gas,* 255 Or 324, 467 P2d 635 (1970) (storage of natural gas); *Bedell et ux v. Goulter et al,* 199 Or 344, 261 P2d 842 (1953) (blasting). It has no applicability in a products case.

Plaintiff, however, points to our holding in *Wights v. Staff Jennings,* 241 Or 301, 405 P2d 624 (1965), in support of his argument to the contrary. In *Wights* we held that strict liability was appropriate and privity of contract unnecessary when a product "creates an ultrahazardous condition." *Wights v. Staff Jennings, supra* at 310. This is not the type of case we excepted from the bar of ORS 12.115 in *Johnson,* where we discussed the *Rylands v. Fletcher* situation. That this is so results from the analysis employed in *Johnson.* The policy factors cited in support of applying the statute to strict products liability actions based on § 402A would have equal force whether the product created a condition which was or was not ultrahazardous at the time of the accident.[4]

At any rate, the *Wights* rule was merely a step in the evolution of the doctrine of strict liability in Oregon, *see Redfield v. Meady Johnson and Co.,* 266 Or 273, 512 P2d 776 (1973) (Denecke, J., concurring), and as such was displaced by our adoption of the Restatement (Second) rule in *Heaton v. Ford Motor Co.,* 248 Or 467, 435 P2d 806 (1967). A plaintiff now need only to prove that a product is "unreasonably dangerous as defined in * * * § 402A." *McGrath v. White*

---

[4] As pointed out in *Johnson v. Star Machinery,* 270 Or 694, 530 P2d 53 (1975), one of the inquiries of importance in determining the legislatively intended scope of ORS 12.115 is the availability and credibility of evidence after the lapse of time. The inherently dangerous propensities of natural gas, dynamite, or other substances and activities which result in ultrahazardousness are matters which usually are readily capable of proof without regard to the passage of time. This usually is not the case in a cause of action based upon a product claimed to be defective at the time of its manufacture and sale. *See Johnson v. Star Machinery Co., supra* at 710-11. In such a situation, whether the original defect in a product results in a condition so dangerous as to be ultrahazardous is irrelevant to the availability and credibility of evidence as well as to the application of products liability under § 402A of Restatement (Second) of Torts.

*Motor Corp.,* 258 Or 583, 596, 484 P2d 838 (1971). The fact that a product may create an "ultrahazardous condition" by virtue of defective design or manufacture is thus of no moment under our present law. Plaintiff's effort to distinguish this case from *Johnson* must therefore fail.

Since the record shows plaintiff's claims to be barred by ORS 12.115, there was no error; and the granting of summary judgment to defendants is affirmed.