No. 634 September 5, 2024 751

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

John M. MARSHALL
and Karen M. Marshall, individuals;
Patsy L. Marshall, an individual;
Patsy L. Marshall, as Personal Representative
of the Estate of Richard L. Marshall, Deceased;
and Marshall Associated, LLC,
an Oregon limited liability corporation,
*Plaintiffs-Appellants,*

*v.*

PRICEWATERHOUSECOOPERS, LLP,
a limited liability partnership,
*Defendant,*

*and*

SCHWABE WILLIAMSON & WYATT, P. C.,
an Oregon professional corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
17CV11907; A169635

On remand from the Oregon Supreme Court, *Marshall v. PricewaterhouseCoopers, LLP*, 371 Or 536, 539 P3d 766 (2023).

Jerry B. Hodson, Judge.

Submitted on remand March 28, 2024.

Scott Hessell, Illinois, argued the cause for appellants. Also on the opening brief were Sperling & Slater, P.C., Jeff S. Pitzer, Peter M. Grabiel, and Pitzer Law. Also on the combined reply and answering on cross-assignment brief were Sperling & Slater, P.C., John J. Dunbar, and Dunbar Law LLC.

Janet M. Schroer argued the cause for respondent. Also on the combined answering and cross-assignment of error brief was Hart Wagner LLP. Also on the reply on

cross-assignment of error brief were Holly E. Pettit and Hart Wagner LLP.

Before Powers, Presiding Judge, Shorr, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this complex civil case, plaintiffs appeal from a limited judgment in favor of plaintiffs' former law firm, defendant Schwabe Williamson & Wyatt, P.C, dismissing plaintiffs' negligence claim as barred by the statute of repose, ORS 12.115(1). The case is on remand to us after the Supreme Court reversed our decision in *Marshall v. PricewaterhouseCoopers, LLP*, 316 Or App 416, 505 P3d 40 (2021), *rev'd*, 371 Or 536, 539 P3d 766 (2023) (*Marshall I*). Our earlier decision addressed plaintiffs' first assignment of error, which the Supreme Court has now resolved in Schwabe's favor. *Marshall v. PricewaterhouseCoopers, LLP*, 371 Or 536, 539 P3d 766 (2023) (*Marshall II*). Our task on remand is to address plaintiffs' remaining assignment of error that we did not reach in our earlier decision. *Id*. at 558. In that assignment of error, plaintiffs argue that the trial court erred in dismissing their negligence claim, because, as a result of the parties' ongoing relationship that continued into the statute of repose period, ORS 12.115 did not bar the claim. However, we conclude that there is no "continuous relationship" exception to the statute of repose and therefore affirm.

Because plaintiffs' second assignment of error requires us to review the trial court's rulings on Schwabe's motions to dismiss, we draw the facts from plaintiffs' operative complaint. Our review "is limited to the face of the pleadings." *Kelly v. Lessner*, 224 Or App 31, 33, 197 P3d 52 (2008). "In conducting that review, we assume the truth of all allegations in the complaint and give the plaintiff, as the nonmoving party, the benefit of all favorable inferences that could be drawn from those allegations." *Id*.

In 2017, plaintiffs filed this action, alleging that Schwabe had negligently advised plaintiffs—in 2003—regarding potential tax consequences of a proposed business transaction. Plaintiffs also alleged that, as a result of that negligent advice, they had incurred over $2 million in legal fees defending an Internal Revenue Service claim for back taxes related to the transaction. Moreover, plaintiffs alleged, they expected to incur an additional approximately $20 million in liability for back taxes, penalties, and interest.

Schwabe moved to dismiss plaintiffs' negligence claim as barred by the 10-year statute of ultimate repose contained in ORS 12.115(1). *See* ORCP 21 A(1)(i) (providing that a defendant may raise by motion a defense "that the pleading shows that the action has not been commenced within the time limited by statute"). In its motion, Schwabe contended that the alleged negligent conduct occurred no later than March 2003, more than 14 years before plaintiffs filed this lawsuit in March 2017. As relevant here, the trial court granted the motion and entered a limited judgment, concluding that ORS 12.115(1) barred the claim. The court afforded plaintiffs the opportunity to replead "an act of negligence by Schwabe that occurred after March 21, 2007." Plaintiffs declined to replead.

On appeal, as relevant here, we concluded that the trial court erred in granting Schwabe's motion to dismiss, because the statute of ultimate repose, ORS 12.115(1), does not apply to negligence claims seeking only recovery for economic loss. *Marshall I*, 316 Or App at 430. Having resolved that issue in plaintiffs' favor, we did not reach their second assignment of error, which related to whether there was an exception to the statute of repose for a "continuous relationship" between the parties. *Id*. at 418 n 1. The Supreme Court reversed, holding that "the trial court correctly rejected plaintiffs' argument that ORS 12.115(1) does not bar claims for negligent injury to economic interests," and remanded for us to review the second assignment of error. *Marshall II*, 371 Or at 557.

Plaintiffs' second assignment of error contends that, even if the statute of repose set out in ORS 12.115(1) was applicable to their claim (as the Supreme Court determined that it was), the trial court erred in concluding that ORS 12.115(1) barred the claim. Plaintiffs argue that there exists an exception to the 10-year statute of repose for a "continuous relationship."

Statutes of ultimate repose "are enacted by the legislature to supplement statutes of limitation." *Marshall II*, 371 Or at 539. Statutes of limitation "limit the time a party has to initiate an action once a claim has accrued," meaning, a statute of limitation generally "does not begin

to run until the injured party knows or should know that it has been injured." *Shasta View Irrigation Dist. v. Amoco Chemicals*, 329 Or 151, 161, 986 P2d 536 (1999) (internal quotation marks and brackets omitted). In contrast, to mitigate "that somewhat unpredictable approach to the time that a party will have to initiate an action," *Marshall II*, 371 Or at 539, statutes of repose set "maximum times to file a claim, regardless of the date of discovery of an injury or other circumstances that may affect the expiration of a statute of limitation[]," *Shasta*, 329 Or at 162. "When the ultimate repose period has expired, the claim is extinguished and no legally cognizable injury exists." *Cannon v. Dept. of Justice*, 288 Or App 793, 799, 406 P3d 883 (2017). Statutes of repose reflect "the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown liability." *Johnson v. Star Machinery Co.*, 270 Or 694, 701, 530 P2d 53 (1974).

Here, the statute of ultimate repose required plaintiffs to bring an action within "10 years from the date of the act or omission complained of." ORS 12.115(1). The parties do not dispute that the act complained of—Schwabe's allegedly negligent advice regarding a proposed business transaction—occurred in 2003, over 10 years before plaintiffs filed their complaint. However, plaintiffs argue that there exists an exception to the 10-year statute of repose for a "continuous relationship" between the parties. Schwabe responds, in the main, that there is no continuous relationship exception to the statute of repose.

In a pair of cases from the 1970s, the Supreme Court "withheld consideration" of the question of whether the period of ultimate repose might be tolled during a time when the plaintiff had an active and continuous "relationship or trust and confidence with the defendant and in which continued treatment or other ongoing resort to the skills of the defendant is required." *Cavan v. General Motors*, 280 Or 455, 458, 571 P2d 1249 (1977). In *Josephs v. Burns*, 260 Or 493, 501-02, 491 P2d 203 (1971), *abrogated on other grounds*, *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001), the court upheld the statute of ultimate

repose against a constitutional challenge, but explained that "we do not intend to prejudge a situation in which an active, continuous relationship between plaintiff and defendant exists from the time of the negligent acts to a time within the period during which an action is permitted." Later, in *Cavan*, 280 Or at 458, the court again theorized that an ongoing relationship between the parties, as described in *Josephs*, "may call for a different application of the polices behind a statute of limitations or statute of ultimate repose."

In cases involving such relationships, such as the "classic example" of a patient receiving ongoing treatment from the doctor, the Supreme Court opined that "the potential plaintiff may be in no position of independence to recognize fairly the existence of a cause of action until the relationship is terminated." *Id*. Taken together, *Josephs* and *Cavan* suggest that there may be an exception to the statute of repose for an ongoing relationship between the parties (although, neither case identified a source for the exception), but the court ultimately withheld judgment on that matter.

Despite those references declining to rule out the possibility of an exception to the statute of repose for a continuous relationship between the parties, neither the Supreme Court nor this court has decided whether such an exception actually exists. Later case law has questioned its validity, and whether it can be reconciled with the purpose and history of the statute of repose. This court has expressed concern that there is no explanation as to the "source of the exception to the wording of the statutes of ultimate repose." *Rutter v. Neuman*, 188 Or App 128, 136, 71 P3d 76 (2003). Indeed, we noted, "it is difficult to imagine that [the continuous relationship exception to the statute of repose] would pass muster under current standards of statutory construction." *Id*.

To resolve the parties' dispute, we must, for the first time, employ those standards of statutory construction and apply the familiar analytical framework described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009), to consider whether the text of the statute supports the exception the Supreme Court hypothesized half a century ago.

Beginning with text, ORS 12.115(1) provides:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

The text of the statute establishes, in no uncertain terms, that "[i]n no event" will a negligence action be commenced more than 10 years after the occurrence of act or omission upon which the action is based. The statute makes no mention of any exception, nor does it describe any events that toll the running of the period of ultimate repose—to the contrary, it states that there is no such event. Consequently, the text of the statute plainly indicates that the 10-year period is absolute. *See Josephs*, 260 Or at 501 ("the words, '*In no event* shall any action *** be commenced more than 10 years ***,*' used in ORS 12.115(1), indicate plainly that the limitation was to be effective regardless of circumstances" (emphasis and ellipses in original)).

The legislative history of ORS 12.115(1) supports our conclusion that it does not allow for a continuous relationship exception. The legislature enacted ORS 12.115(1)'s statute of repose in 1967. Or Laws 1967, ch 406, § 2. That statute was enacted in response to this court's decision in *Berry v. Branner*, 245 Or 307, 421 P2d 996 (1996), which held that a cause of action for medical malpractice involving a foreign object left in the body after an operation did not "accrue," for purposes of the statute of limitations, ORS 12.010 (1965), "until the patient knew or, in the exercise of reasonable care, should have known of the injury inflicted upon her." *Marshall II*, 371 Or at 540; *see also* Audio Recording, House Committee on Judiciary, SB 134, Apr 6, 1967, at 01:32:50 (statement of Dr. John Miscko, Oregon Medical Association) (explaining that the amendments to the statute of limitations were made "in response to the *Berry* decision"). The legislature was concerned that *Berry* would permit the possibility of long-delayed tort litigation brought about by lack of discovery. *See* Senate Committee on Judiciary Minutes on SB 134, Apr 6, 1967 (comments of Dr. John Miscko) (explaining that, under *Berry*, there was, "in effect *** no limitation on the action at all"). ORS 12.115(1) addressed that concern by "prescrib[ing] an ultimate cut-off date *** for the

commencement of tort claims litigation." *Josephs*, 260 Or at 493.

That legislative history "indicate[s] that the time prescribed in [ORS 12.115(1)] was intended as an over-all limit *regardless of circumstances.*" *Id*. at 499 (emphasis added). Specifically, the House and Senate Committees on Judiciary engaged in respective discussions about the bill proposing amendments to the statute of limitations, empha-sizing the necessity of "stabiliz[ing] the time so everyone would understand what the statute of limitations was." Senate Committee on Judiciary Minutes on SB 134, Mar 14, 1967 (comments of Sen Anthony Yturri). The discussions rec-ognized that the "statute of limitations is extremely import-ant" and explained that the new bill amending the statute was intended to reenforce the statutes of limitation after *Berry*, to limit liability. Audio Recording, House Committee on Judiciary, SB 134, Apr 19, 1967, at 00:51:55 (statement of Rep James Redden). In response to Representative Frost's comment that the period within which to bring an action should commence at the time of discovery, Representative Davis expressed the need for "some certainty in the law." *Id*. (statement of Rep Davis).

Although those remarks were made in reference to what became ORS 12.110(4), which set an overall limit on the time within which medical malpractice actions could be brought, the remarks nonetheless reflect the legislature's view of the necessity of a statute of repose—confirmed by the fact that the general statute of repose (ORS 12.115(1)) was added to the bill. *See Josephs*, 260 Or at 497 n 2 (explain-ing that legislative discussions regarding what became ORS 12.110(4) are relevant to understanding the legislative intent behind ORS 12.115(1)); *see also Marshall II*, 371 Or at 566 n 1 (The "pre-existing wording in ORS 12.110(1) is import-ant context for interpreting the meaning of ORS 12.115(1), because the same bill (Senate Bill (SB) 134 (2967)) that cre-ated ORS 12.115(1), also created ORS 12.110(4), and ORS 12.115(2) explicitly refers to ORS 12.110. Thus, ORS 12.115 and ORS 12.110 are intended to be read together."). The lan-guage of ORS 12.115(1) does not permit this court to toll the repose period for any reason, and the legislative history of

the statute does nothing to undercut the plain meaning of the text—to the contrary, it substantiates that the statute of repose is intended to ensure a final cut-off date to the commencement of tort claims, regardless of circumstances. *See id*. at 545 ("It is * * * apparent that the legislature intended to adopt an absolute time limitation that would apply to negligence actions other than those at issue in *Berry*.").

Plaintiffs submit that the "continuous relationship" theory does not reduce certainty in the law, but instead, treats the ongoing relationship—including the initial act of negligence—as a single course of conduct constituting the "act or omission complained of." As plaintiffs see it, the "act or omission" then ends when the ongoing relationship is terminated, initiating the period of repose. But plaintiffs' argument that a tort committed within the context of a continuous relationship should be considered to continue until the end of that relationship, for purposes of ORS 12.115(1), has no basis in Oregon statutes or case law. Moreover, the proposed exception could extend to claims against other professionals, even when the acts alleged to have caused a plaintiff's damages occurred decades before. As the legislative history set forth above explains, that uncertainty is exactly what the legislature was trying to avoid in passing ORS 12.115(1). And a construction that ORS 12.115(1) does not apply to ongoing relationships—such as lawyer-client relationships—is at odds with the legislature's intent to include professional malpractice claims, including those against lawyers, within the class of claims to which ORS 12.115(1) applies. *Marshall II*, 371 Or at 545.

The text and legislative history of ORS 12.115(1) do not support an exception to the statute of repose for a continuous relationship. Schwabe was entitled to the protections afforded by ORS 12.115(1)—"to plan [its] affairs with a degree of certainty, free from the disruptive burden of protracted and unknown liability," *Johnson*, 270 Or at 701—after 10 years had passed since it allegedly negligently advised plaintiffs.

Nonetheless, plaintiffs also argue that, even if there were no continuous relationship exception to the statute of repose, they pleaded an independent basis for liability

under *Little v. Wimmer*, 303 Or 580, 739 P2d 564 (1987), based on Schwabe's continuing duties as plaintiffs' counsel after the transaction closed. In *Little*, a plaintiff injured in a car collision sued the state for negligent design, construction, and maintenance of the highway where the collision occurred. The court concluded that claims relating to the design and construction of the highway occurred outside the statute of repose period and were thus time-barred. The negligent maintenance claim, however, related to events that occurred within the statute of repose—specifically, the state's failure to maintain a safe intersection. The court concluded that negligence claims based on events inside the statute of repose were not time-barred despite their proximity to time-barred claims. Thus, *Little* stands for the proposition that "when one specification of negligence is barred by a statute of repose, that does not necessarily mean that the alternative specifications of negligence are also barred." *Gaston v. Parsons*, 117 Or App 555, 562-63, 844 P2d 941 (1993) (Warren, P. J., dissenting).

Here, however, there are no allegations of negligence that occurred within the statute of repose. The only events alleged within the statute of repose relate to Schwabe's representation of plaintiffs on unrelated matters. Plaintiffs contend, however, that the firm's non-negligent representation provided an independent basis for a negligence claim because Schwabe had a mandatory professional obligation to rectify its previous flawed advice. In other words, plaintiffs argue for the imposition of a sort of continuing duty on Schwabe, relating to its failure to correct the original alleged wrong.

But Oregon law does not provide for a "failure to correct" theory that would allow plaintiffs to avoid or extend the statute of repose. *See Josephs*, 260 Or at 501-02 ("If the statute was intended to be one of ultimate repose, regardless of circumstances, it would follow that the legislature did not intend the statute to be circumvented by allegations that subsequent to the fundamental wrong, a continuing duty existed to rectify the results of such wrong."). In *Little*, the state had a statutory duty to maintain the intersection; Oregon law does not recognize a similar continuing,

mandatory duty for lawyers to correct past mistakes that flows merely from the fact of an ongoing relationship. *Little*, 303 Or at 584-85 (indicating that the allegations that the state failed to correct its original negligence would *not* have been sufficient to avoid the statute of repose); *see also BoardMaster Corp. v. Jackson County*, 224 Or App 533, 553, 198 P3d 454 (2008) ("Failure to correct allegedly negligent conduct does not turn a discrete and separately actionable act * * * into a continuing tort."); *Catt v. Dept. of Human Services*, 251 Or App 488, 509-12, 284 P3d 532 (2012) (holding that the plaintiffs could not avoid the statute of repose because the defendant Oregon Department of Human Services did not have a continuing duty to secure plaintiffs' adopted child's citizenship after the child was adopted).

Plaintiffs identify a number of professional obligations that Schwabe allegedly violated within the repose period—but those alleged violations, at their core, all relate to Schwabe's alleged failure to correct or take steps to correct its original alleged negligence that occurred outside of the repose period. As the above case law illustrates, that "failure to correct" does not constitute a separate claim that would bypass the statute of repose, ORS 12.115(1). And plaintiffs do not allege any independent negligent acts that occurred after 2007 that caused the damages alleged in their complaint.

In sum, we conclude that there is no continuous relationship exception to ORS 12.115(1)'s statute of repose, that Schwabe's failure to "correct" its original alleged negligence did not circumvent the repose period, and that plaintiffs did not allege any independent negligent acts that occurred within the repose period and that caused the damages alleged in the complaint. The acts plaintiffs complain of—Schwabe's alleged negligence in advising plaintiffs regarding the potential tax consequences of a proposed business transaction—occurred in 2003, over 10 years prior to the filing of their complaint and, therefore, the trial court did not err in dismissing plaintiffs' negligence claim on the ground that it was time-barred.

Affirmed.